## Marshall D. Huckins v. State of Nebraska.

Filed May 22, 1901.   No. 11,878.

. Commissioner's opinion.   Department No. 3.

1. Statute Giving Witness Right to Demand Fees in Advance, Does Not Obtain in a Criminal Case. Section 355 of the Code of Civil Procedure, which provides that a witness may demand his traveling fees and fee for one day's attendance when the subpœna is served on him, and if the same be not paid the witness shall not be obliged to obey the subpœna, has no application to witnesses in criminal cases.

2. Contempt: Defense. A witness, duly served with a subpœna in a criminal case, can not justify a failure to obey the writ on the ground that he has demanded his fees and they were not paid.

3. ———: Purging: Inability to Obey Writ. Inability to obey a writ, resulting from a willful act done with a knowledge that it would result in such inability, does not purge of contempt.

Error from the district court for Otoe county. Tried below before Jessen, J. *Affirmed.*

*Frank Irvine* and *John V. Morgan*, for plaintiff in error.

*Frank N. Prout, Attorney General*, and *Norris Brown, Deputy, contra.*

Albert, C.

The plaintiff in error seeks to reverse a judgment of the district court of Otoe county imposing upon him a fine of $50 for contempt of court. The act constituting the offense whereof he was charged, as the same appears from the transcript, was his failure to obey a subpœna duly issued by the clerk of said court in a criminal cause

then pending in said court, wherein one ————— was charged with a felony. But two grounds are relied upon for a reversal and we shall consider them in their order.

1. It is urged that the witness having demanded his fees in advance, and the state having failed to pay them, he was thereby absolved from his obligation to attend in obedience to the subpœna. It will be borne in mind that the subpœna under consideration issued in a criminal case, but counsel insist that the same rule applies in criminal as in civil cases. We can not assent to this doctrine. Section 355 of the Code of Civil Procedure, which permits a witness to insist on the payment of his fees as a condition precedent to obeying the subpœna, applies only to civil cases. We discover nothing from which we can infer that it was intended to apply also to criminal cases. The fees in criminal cases are paid by the county. We know of no provision of law that authorizes their payment before they are audited and allowed by the county board, or that authorizes that body to audit and allow them before they are actually earned. Besides, it is not unusual for arrest and trial to take place between sittings of the county board; or again, that body might decline to allow such fees in advance even though in session and authorized to do so. It would require a very plain provision of law to justify the belief that the legislative branch of the government intended to interpose such obstacles to the prosecution of crime.

2. It is urged further that the court erred in refusing to permit plaintiff in error to show that it was impossible for him to obey the writ. The evidence shows that he was in Otoe county at the time he was served with the subpœna; that some five days after the service of the subpœna he had a conversation with the county attorney of that county, in the course of which he informed the county attorney of the service of the subpœna; that he expected to go to Illinois; that he had no way of making a living in Otoe county; that he had no money to pay out for railroad fare to come back from Illinois; and that

if the county attorney would arrange for him, be re-
sponsible for the time he put in waiting, or pay his rail-
road fare to come back, he would come back.    After-
ward, and before the time fixed by the subpœna for his
attendance as a witness, he went to Illinois and remained
there until after the time thus fixed, and until after the
disposition of the case in which he was subpœnaed.    He
offered to show on his trial that he was unable to pay
the railroad fare from Illinois to Otoe county, and that
his failure to return in time to obey the writ was due to
a lack of means.    As a general rule, inability to comply
with an order of court purges of contempt, but the in-
ability must not result from the willful acts of the con-
temnor which he knew or had reason to believe would
result in such inability.    In this case, his conversation
with the county attorney above referred to shows that he
knew his going to Illinois would result in his inability to
obey the writ.    He went voluntarily, for while it appears
from the evidence that he went there to get employment,
there is nothing in the record to show that he was under
any necessity for doing so.    The only evidence of such
necessity is that he told the county attorney that he
could not make a living in Nebraska City.    His evidence
on that point is evidence of the conversation only, and
not of the truth of the statements made in such conversa-
tion.    The inability sought to be shown was the result
of his own acts willfully done with a full knowledge
that they would result in such inability.    If shown, it
would have afforded no justification or excuse, and the
evidence thereof was properly excluded.

The judgment of the district court should be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing
opinion the judgment of the district court is

AFFIRMED.