## NATIONAL CORPORATION v. BARTRAM HOTEL CO.

## WOOD v. NATIONAL CORPORATION.

(District Court, E. D. Pennsylvania. February 24, 1920.)

### Nos. 1933, 1931.

1. RECEIVERS ⊜⇒74—RETURN OF PROPERTY CLAIMED BY RECEIVER HELD A VIOLATION OF INJUNCTION RESTRAINING DISPOSITION OF PROPERTY.

One holding property as a warehouseman for a railroad company, who returned it to the consignor on demand, after it had been demanded by the consignee's receiver, and it had been served with a copy of the decree appointing the receiver, and enjoining transfers of the consignee's property, or interference with the receiver in the discharge of his duties, was guilty of violating the injunction, whether the consignor had a right of stoppage in transit or not, as it could have protected itself by interpleader proceedings.

2. CONTEMPT ⊜⇒28(2)—ADVICE OF COUNSEL NOT A DEFENSE, BUT TO BE CONSIDERED IN MITIGATION.

Advice of counsel is not a defense for contempt of an order of the court, but will be considered in mitigation of the offense.

Actions by the National Corporation, in the hands of J. Howard Reber, receiver, against the Bartram Hotel Company, and by Lyndon D. Wood against the National Corporation. On petition to hold the Merchants' Warehouse Company and others in contempt. The defendant named adjudged in contempt and fined.

Percival H. Granger, of Philadelphia, Pa., for receiver.

M. Hampton Todd, of Philadelphia, Pa., for Merchants' Warehouse Co.

THOMPSON, District Judge. [1] The corporation respondent is a warehousing company. It had in its warehouse certain crockery, shipped and consigned to the defendant companies, of which the petitioner was receiver. The receiver gave notice to the respondent of his appointment, and served it with a copy of the court's decree appointing him receiver, and enjoining and restraining all persons from transferring, disposing of, or in any way interfering with any of the property of the defendant company, or from in any way interfering with possession or management of any part of the property over which the receiver was appointed, or doing any act or thing to prevent the discharge by the receiver of his duties under the order of the court. The receiver gave notice that the crockery was the property of the respective defendants, and presented bills of lading designating them as consignees of the same and demanded delivery. The receiver's representative was informed that freight charges were due, and that the claim for delivery to the receiver would be taken up with the respondent's superintendent. The seller of the crockery meanwhile claimed from the carrier, the Pennsylvania Railroad Company, the right of stoppage in transitu and the respondent, under advice of counsel, returned the crockery to the Pennsylvania Railroad Company. The respondent was acting as warehouseman for the Pennsylvania Railroad Company.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The question whether the seller had title which he could exercise through stoppage in transitu to obtain possession is not material. The receiver claimed title as such through the consignees. He was under a duty to take into his possession all property of the defendants, and to assert title to that as to which he was advised he had reasonable ground for a claim of right of delivery to him. The respondent was placed in the position, therefore, of having a demand for delivery of possession to the receiver and a demand for delivery of possession to the Pennsylvania Railroad Company for return to the seller through stoppage in transitu. As a warehouseman it was its right and duty, under sections 17 and 18 of the Act of March 11, 1909 (P. L. Pa. 1909, p. 23), to bring interpleader proceedings, in which the claims of the conflicting claimants might have been determined. It chose, however, to dispose of the property without affording the receiver the opportunity to have its claims determined in the jurisdiction where the property was held by it, and parted with the property in the face of notice of the receiver's claim of right of possession, and in the face of the injunction order of this court. The terms of the decree of appointment and injunction are broad enough to include restraint of interference with the receiver in the discharge of his duty of reducing to possession all property which he had reasonable ground to claim as the property of the defendants. It voluntarily disabled itself to obey the injunction. Myers v. Trimble, 3 E. D. Smith (N. Y.) 607; Huckins v. State, 61 Neb. 871, 86 N. W. 485.

It is now claimed on behalf of the respondent that it was justified in its actions, because title in the receiver had not been established, and that was a question merely between the seller and the receiver. An injunction would be of little effect if, under conflicting claims of right of possession, the party having the property in its possession may give over the possession to one of the claimants, and put the receiver of the court to the disadvantage of having to go out of the jurisdiction to sue for the property or its value. Delivery to the receiver as an officer of the court would have afforded the claimant against him opportunity to have the conflicting claims determined by this court; but the receiver must now take the chances of the property having been converted by the shipper, or the shipper not being responsible in damages.

[2] The respondent also claims justification through acting under advice of counsel. This is not a defense for contempt of an order of the court, but will be taken into consideration in mitigation of the offense. Royal Trust Co. v. W., B. & I. Ry. Co. (C. C.) 113 Fed. 531.

The respondent, the Merchants' Warehouse Company, is held to be in contempt in disobeying the injunction of this court, and a fine will be imposed upon the corporation, which will be sufficient punishment to it, and will be such notice to others disregarding the authority of the court over property rights intrusted to its receivers as to render it unnecessary to impose any penalty upon the individual respondents.

It is ordered that the respondent pay a fine of $500.