CITY OF MORAINE

v.

STEGER MOTORS, INC., Appellant; GILBOY, Appellee.

[Cite as *Moraine v. Steger Motors, Inc.* (1996), 111 Ohio App.3d 265.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15328.

Decided May 24, 1996.

*Richard Hempfling,* for appellant.

*Irvin J. Zipperstein,* for appellee.

GRADY, Judge.

This is an appeal from a judgment finding defendant-appellant Steger Motors, Inc. ("Steger") in contempt for failing to comply with a prior order of the court, ordering Steger to pay a fine of $50 per day while the contempt continues, and ordering the fine proceeds paid to defendant-appellee Lois Gilboy.

This case was instituted in 1982 by the city of Moraine, which sought declaration of a nuisance and injunctive relief concerning a large quantity of used tires that Steger had accumulated on land owned by Gilboy. The litigation was terminated by an agreed entry that restricted Steger with respect to the quantity of tires it could store on the property and the manner in which they were stored there.

In January 1993, Gilboy filed charges in contempt, alleging that Steger was in violation of the court's order. The case was referred to a magistrate, who found a violation and recommended a fine of $50 per day, payable by Steger to Gilboy while the contempt continues.

Steger filed objections to the magistrate's report and recommendation, stating:

"(1) The referee (magistrate) erred by rejecting Defendant's argument of reliance on the June 24, 1991 report of Moraine Fire Marshall [*sic*], Robert Bennett.

"(2) The referee (magistrate) erred by ignoring the testimony of Lois Gilboy, owner of the parcel, and Charles Marino, Defendant Steger's General Manager, demonstrating that a vast majority of the tires on the property do not belong to the Defendant and that the Defendant had no role in said tires being placed on the property."

The trial court considered Steger's objections and overruled them, adopting the report and recommendation of its magistrate.

Steger filed a timely notice of appeal and now presents three assignments of error.

"First Assignment of Error

"Lois Gilboy lacked standing to prosecute a contempt action against Steger Motors, Inc."

█ Steger argues that because the injunctive relief which the trial court granted concerning Steger's storage of tires did not run in Gilboy's favor, she was not a real party in interest with standing to prosecute the contempt alleged.

Steger argued lack of standing at its presentation to the magistrate. The magistrate rejected the argument, finding that Gilboy's pecuniary interest in the

remedy which the court had granted gave her standing to bring the contempt action.

Civ.R. 53(E) governs a magistrate's decision in referred matters. Division (3) provides for objections to the decision filed by a party to the action and states, at (b):

"Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. *A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.*" (Emphasis added.)

Steger's objections to the report and recommendation of the magistrate make no mention of its argument that Gilboy lacked standing to bring this action. The magistrate specifically found that Gilboy had standing, a finding incorporated into the trial court's order adopting the magistrate's report and recommendation. Pursuant to Civ.R. 53(E)(3)(b), Steger is barred from now arguing that Gilboy lacked standing.

The first assignment of error is overruled.

"Second Assignment of Error

"The finding of contempt was not supported by clear and convincing evidence."

 Civil contempt is a remedy whereby an aggrieved party to a lawsuit can enforce a civil remedy and thereby protect its rights. *Pedone v. Pedone* (1983), 11 Ohio App.3d 164, 11 OBR 247, 463 N.E.2d 656. A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders. *ConTex, Inc. v. Consol. Technologies, Inc.* (1988), 40 Ohio App.3d 94, 531 N.E.2d 1353. In order to be clear and convincing, evidence must leave the trier of fact with the firm conviction or belief that the allegations involved are true. *Cross v. Ledford* (1954), 161 Ohio St. 469, 53 O.O. 361, 120 N.E.2d 118.

 The prior order restrained Steger from maintaining more than two thousand five hundred tires on the property. The order further provided that Steger was not to keep the tires in more than two piles, which were not to exceed ten feet in height and be situated closer than forty feet apart.

Steger's objection in this respect to the report and recommendation of the magistrate were (1) that the magistrate erred by rejecting Steger's argument

that it was justified in relying on the fire marshal's failure to take action and (2) that not all of the tires on the property were placed there by Steger.

■ Charles Marino, Steger's general manager, stated that Steger left approximately six thousand tires on the premises when it vacated the premises in June 1991. There was evidence that at about that time the Moraine Fire Marshal advised Steger that "no further action is deemed necessary." There also was evidence that a similar number of tires remained on the premises in the several years following.

The trial court rejected Steger's reliance objection, stating that it is not bound by the representations or findings of the fire marshal. We agree. The injunctive relief which the court granted compelled a particular course of conduct by Steger. The fire marshal's findings do not relieve Steger of its duty to comply with the court's order.

The evidence before the court demonstrated, clearly and convincingly, that when Steger quit the premises its condition was not in compliance with the court's order, and that this condition continued thereafter. Steger's control of the premises at and to the time that it left charges Steger with the responsibility for that condition. Whether other persons might have dumped more tires there before or after Steger left is immaterial.

The second assignment of error is overruled.

"Third Assignment of Error

"The court erred in imposing a punishment of $50.00 per day payable to Lois Gilboy."

■ Steger argues that the fine imposed by the court exceeds the maximum fine of $250 for a first offense of contempt allowed by R.C. 2705.05(A)(1). It does, but the court is not bound by that provision.

■ Among the inherent powers of a court necessary for the orderly and efficient exercise of justice are the powers to punish the disobedience of the court's orders with contempt proceedings. *Zakany v. Zakany* (1984), 9 Ohio St.3d 192, 9 OBR 505, 459 N.E.2d 870. Implicit in the exercise of that power is the authority to fashion a punishment that will induce the contemnor to remedy the contempt involved. The trial court obviously believed that its order serves that requirement. We cannot disagree.

■ Steger also argues that the fine should not be payable to Gilboy because her damages have not been determined. However, the purpose of the fine is neither to compensate Gilboy for her losses nor to punish Steger for its conduct. The fine is instead coercive in nature, one imposed to produce compliance by

Steger with the court's prior order. The court is not prohibited from awarding the fine proceeds to Gilboy if the award serves that purpose, as the trial court obviously believes that it does.

■ In addition to the foregoing considerations, we again note that Steger failed to present these arguments to the court as part of its objections to the report and recommendation of the magistrate. Therefore, they are barred on appeal. Civ.R. 53(E)(3)(b).

The third assignment of error is overruled.

Having overruled all assignments of error, we will affirm the judgment of the trial court.

*Judgment affirmed.*

FAIN, J., concurs.

FREDERICK N. YOUNG, J., concurs in judgment only.

FREDERICK N. YOUNG, Judge, concurring in judgment only.

I concur in the judgment only.

Had the appellant properly preserved its first assignment for appeal we would have been presented with a serious and arguable question of law, to wit: Does a person not a "party in whose favor [a] judgment was rendered" (*Hayes v. Hayes* [1919], 11 Ohio App. 10, 14–15) have standing in a civil contempt proceeding to enforce that judgment when the would-be enforcer has some actual benefit to gain from the enforcement of the judgment? I regard that as an open question on the facts of this case, and I do not want our affirmance here to be construed as a "yes" answer to that question.

The third assignment of error raises an even more troubling question, to wit: May a fine imposed as punishment for contempt of a court order be directed to be paid to a private person who was not even a party to the proceeding in which· the order was rendered, rather than to the court which issued the order or to the public body on whose behalf the order was issued? My initial answer would be "absolutely not!" However, neither the parties not the court has discovered any authority on this issue (possibly because no one even had the temerity to suggest it before).

In any event, this issue deserves careful and reasoned study and to that extent I disagree with the opinion of the majority that sanctions the diversion of the fine proceeds (not damages for harm suffered) into the pockets of Gilboy.

A contempt action, after all, is quasi-criminal in nature. *Peters v. Goodyear Tire & Rubber Co.* (C.P.1947), 50 Ohio Law Abs. 65, 76 N.E.2d 412. We raise an

ugly specter when we permit the use of criminal-style proceedings by private parties for their own personal gain. The coercive purpose of the fine is equally well served if the money is paid to the court or the public body (the city of Moraine, here) which obtained the order Steger has violated. To direct the fine proceeds to Gilboy is simply granting her an $18,250 annual annuity ($50 × three hundred sixty-five days) unrelated to any damages she may be actually suffering. I find this precedent *extremely* troubling.

Still, because this issue was not raised to the trial court, we cannot consider it on appeal. For that reason, and for that reason alone, I join in the judgment of the court.