DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment entered by the Lawrence County Municipal Court in favor of the appellees.
Appellees hired contractor Johnny Freeman to build a concrete driveway. They purchased the concrete from the appellant, and the appellant delivered the concrete on June 3, 1998. Appellees paid by check. On June 9, 1998, appellees issued a stop payment order on this check, claiming that the concrete was defective.
Appellant sued appellees June 18, 1998, in the Lawrence County Municipal Court, Small Claims Division. Appellant sought $2,199.76 from the appellees for the delivered concrete. A magistrate for the municipal court heard the matter on October 1, 1998. Both parties attended the trial. The magistrate issued his form decision that same day. His conclusion of law stated that "the evidence is that the concrete is bubbled, has air pockets and cracks." He, therefore, found for the defendants.
On October 15, 1998, the appellees filed written objections and a counterclaim, arguing that appellant should compensate them for the costs of removing the defective concrete. Appellant, however, did not object to the decision of the magistrate. The trial court adopted the magistrate's decision by form entry on November 6, 1998. Appellant appealed, raising three assignments of error:
ASSIGNMENT OF ERROR I
 THE REFEREE'S REPORT IS INADEQUATE AS A MATTER OF LAW BECAUSE IT CONTAINS INSUFFICIENT FACTUAL FINDINGS UPON WHICH THE COURT COULD HAVE CONDUCTED AN INDEPENDENT ANALYSIS OF THE CASE.
 ASSIGNMENT OF ERROR II
 THE MANIFEST WEIGHT OF THE EVIDENCE IS CLEARLY CONTRARY TO THE REFEREE'S RECOMMENDATION AND THE JUDGMENT OF THE COURT.
 ASSIGNMENT OF ERROR III
 THE REFEREE ERRED AS A MATTER OF LAW IN FAILING TO APPLY THE APPROPRIATE LAW TO THE FACTS.
Appellees neither entered an appearance nor briefed any of the issues.
 Opinion
This is a small claims proceeding. However, this Court has previously determined that the provisions of Civ.R. 53 apply to small claims proceedings. See Rush v. Schlagetter (Apr. 15, 1997), Ross App. No. 96CA2215, unreported. While appellant chose not to be represented by counsel at trial, the claims of pro se
litigants are treated no differently than those of other litigants. See Alimo v. Pomante Contrs., Inc. (Sept. 11, 1997), Franklin App. No. 97APG02-221, unreported. Civ.R. 53(E)(3)(b) specifically requires:
 Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule. (Emphasis added.)
Civ.R. 53 does not permit us to consider any error assigned unless the appellant has properly preserved that error by filing the requisite objections to the magistrate's decision. See Rush,supra; City of Moraine v. Steger Motors, Inc. (1996), 110 Ohio App.3d 265, [111 Ohio App.3d 265], 268, 675 N.E.2d 1345,1347. Appellant must base any claim of trial court error on the actions of the trial court, not on the magistrate's findings or decision, nor on the adoption of these findings by the trial court, since the objections required by Civ.R. 53 are non-existent.
Our standard of review is whether the trial court abused its discretion in approving the magistrate's decision. See Lewis v.Savoia (Aug. 28, 1996), Summit App. No. CA17614, unreported. Clearly, we cannot find that the trial court abused its discretion by denying an objection that was never raised by appellant in the trial court for decision. We are not obligated, therefore, to pass upon the appellant's assignments of error.
We hold, therefore, that the appellant, by failing to file the requisite objections to the magistrate's decision, has thereby failed to properly preserve its appeal on these issues.
Accordingly, appellant's three assignments of error are OVERRULED and the judgment of the trial court is AFFIRMED.
JUDGMENT AFFIRMED.