OPINION
Appellants, Hazlewood Builders, Inc. and Robert E. Gibbs, appeal from the judgment issued by the Lake County Court of Common Pleas. Robert E. Gibbs is the vice-president of Hazlewood Builders. This is the latest appeal in the dispute concerning the structure being constructed at 10447Johnnycake Ridge Road, Concord Township, Ohio ("the property"), which isowned by Hazlewood Builders.
At the time Hazlewood bought the property, the only existing structure was a horse barn. On May 10, 1990, appellants received a zoning permit allowing them to convert the existing barn into a dwelling and to add a garage to the front of the structure. The dimensions set forth in the zoning permit were not at variance with any of the township zoning resolutions.
In March 1994, the adjacent property owner complained about the construction on the property. Russell D. Schaedlich, the Concord Township zoning inspector, determined that at three separate places, the additions to the property were in violation of Concord Township Zoning Resolution Section 15.06, which provides:
 "Side and Rear Yards: Every building shall have a minimum side and rear yard clearance which space shall remain open and unoccupied.
 "A. A dwelling shall have fifteen (15) feet side yard clearance on each side."
 On October 24, 1994, appellees, the Concord Township Trustees and Russell D. Schaedlich, filed a complaint for a temporary restraining order and preliminary injunction requiring appellants' compliance with Concord Township Zoning Resolution Section 15.06(A). On April 23, 1996, the trial court granted appellees' requested relief. It enjoined appellants from any further construction of the additions to the west and north sides of the property until they obtained a zoning permit. It further ordered appellants to remove those portions of the west and north side additions that violated the fifteen-foot side yard clearance required by Concord Township Zoning Resolution section 15.06(A). We affirmed the judgment on appeal. Concord Twp. Trustees v. Hazlewood Builders, Inc. (May 16, 1997), Lake App. No 96-L-075, unreported, dismissed sua sponte (1997) 80 Ohio St.3d 1410, 684 N.E.2d 703.
On April 15, 1998, the trial court sustained appellees' motion to show cause and held appellants' in contempt for failure to abide by its April 23, 1996 order. The court held a hearing on the motion and noted:
 "The attorney for defendants and the attorney for the plaintiffs stipulated that the defendants Hazlewood Builders, Inc. and Robert Gibbs had failed to remove those portions of the west and north side additions of the premises which were located at 10447 Johnnycake Ridge, Concord Township, Ohio, that violates the 15' sideyard clearance as required by the Concord Township Zoning Resolution Section 15.06(A)."
 The trial court imposed a conditional fine of $5,000 plus an additional fine of $100 per day for each day the violations persisted. This sanction was coupled with an opportunity for appellants to purge the contempt if they complied with the court's order within ninety days. Appellants immediately appealed from that judgment entry, which we dismissed for lack of a final appealable order. Concord Twp. Trustees v. Hazlewood Builders, Inc. (Aug 14, 1998), Lake App. No 98-L-110, unreported.
On May 17, 1999, in response to appellees' motion to impose sentence, the trial court held a hearing to determine whether appellants had purged the contempt by complying as provided for in the court's April 15, 1998 order. At the hearing, appellees asserted that none of the violations had been corrected. Appellants indicated that Mr. Gibbs was never the owner of the property and that the true owner, Hazlewood Builders, could not take the required action on the property because it was controlled by the bankruptcy trustee. On May 21, 1999, the trial court found appellants in contempt and imposed a fine of $5,000 plus an additional fine of $100 per day for each day the violations persisted; however, it allowed appellants a ten day stay of the execution of the judgment and stated that if the zoning violations were not corrected by May 27, 1999, the fine would be imposed on May 28, 1999.
Appellants appealed from that judgment entry in Case No. 99-L-083, which we dismissed for lack of a final appealable order on January 4, 2000. Upon notice from this court that the May 21, 1999 judgment was not a final appealable order, the trial court held another hearing on January 21, 2000. On February 2, 2000, the trial court issued a judgment in which it concluded that appellants were in contempt of court and imposed a fine of $5,000 upon appellants. The trial court also imposed a fine of $100 for every day that the violations were not corrected, commencing on May 28, 1999. From this judgment, appellants assign the following as errors:
 "[1.] The trial court abused its discretion and erred to defendants' prejudice finding defendants in contempt of court without a hearing in violation of defendants' rights to due process.
 "[2.] The trial court abused its discretion and erred to defendants' prejudice finding defendants in contempt of court without any sworn testimony being taken and without defendants having the right to confront and cross examine witnesses against them in violation of defendants' rights to due process.
 "[3.] The trial court erred to the defendants' prejudice in imposing sentence against defendants for an excessive amount."
 Because appellants' first two assignments of error are interrelated, we will address them together. Appellants contend that the trial court did not afford them a hearing before it found them in contempt on April 15, 1998. Although the April 15, 1998 judgment entry indicates that the trial court held a hearing, appellants claim that no hearing took place, only a proceeding in chambers outside the presence of appellants. They further allege that they have provided no transcript because none exists. Appellants assert that this lack of a hearing violated R.C. 2705.05(A), which provides, in part: "[i]n all contempt proceedings, the court shall conduct a hearing."
The evidence on the record does not support appellants' contention that their due process rights were violated. An appellate court reviewing a lower court's judgment indulges in a presumption of regularity of the proceedings below; a party asserting error in the trial court bears the burden to demonstrate error by reference to matters made part of the record in the court of appeals. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385; App.R. 9(B). The trial court's April 15, 1998 judgment entry indicates that there was a hearing at which appellants' attorney stipulated that the offending structure had not been removed. Appellants have provided no evidence to persuade us otherwise.
The record before this court demonstrates that appellants were repeatedly afforded the opportunity to defend themselves against the court's contempt citation. The trial court held two additional hearings after it issued its April 15, 1998 entry, one on May 17, 1999 and one on January 3, 2000, in which it determined that appellants had not complied with the court's April 23, 1996 order. At none of those hearings did appellants argue that they had remedied the violations. Appellants' first two assignments of error are without merit.
In appellants' third assignment of error, they allege that the trial court imposed an excessive sentence upon them. They contend that an appropriate contempt sanction is set forth in R.C. 2705.05(A)(1), which allows the following sentence: "[f]or a first offense, a fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both." Appellants assert that because the trial court's fine is far more than what is proposed in the statute, it is excessive and should be reversed by this court.
Appellees cite Moraine v. Steger Motors, Inc. (1996),111 Ohio App.3d 265, 675 N.E.2d 1345, which held that courts are not bound by 2705.05(A)(1). In Moraine, the Second Appellate District cited Zakanyv. Zakany (1984), 9 Ohio St.3d 192, 459 N.E.2d 870, which held that a court has authority both under R.C. 2705.02(A) and on the basis of its inherent powers to punish the disobedience of its orders with contempt proceedings. According to Moraine, "[i]mplicit in the exercise of that power is the authority to fashion a punishment that will induce the contemnor to remedy the contempt involved." Moraine at 269. UnderMoraine, fines levied to this end are allowed by a court, even if it exceeds the limit imposed by R.C 2705.01(A)(1).
Although Moraine holds that a court can disregard R.C. 2705.05(A)(1), in Felton v. Felton (1997), 79 Ohio St.3d 34, 38-39, 679 N.E.2d 672, the Supreme Court of Ohio wrote:
 "* * * [A] violation of a dissolution or divorce decree is subject to contempt of court for violating a court's final judgment entry. R.C. 2705.02(A). Anyone who is found guilty of contempt of court may be subject to a fine of not more than $250 and/or imprisonment of not more than thirty days in jail (first offense), a fine of not more than $500 and/or imprisonment of not more than sixty days in jail (second offense), or a fine of not more than $1,000 and/or imprisonment of not more than ninety days in jail (third or greater offense). R.C. 2705.05(A). It is quite apparent that the penalties for violating a protection order are considerably more substantial and punitive and thus more deterring than those for violating a court's judgment entry."
 This portion of Felton would indicate that the Supreme Court of Ohio would uphold R.C. 2705.05(A) and not follow the logic from Moraine. However, such a determination is not necessary for the determination in this case.
Penalties for zoning violations are set forth in R.C. 519.99: "Whoever violates sections 519.01 to 519.25 of the Revised Code shall be fined not more than five hundred dollars for each offense." R.C. 519.23 provides that each day's continuation of a violation of this section may be deemed a separate offense. Section 4.01 of the Concord Township zoning resolution provides for only a $100 fine for a zoning violation, with each day that a violation continues constituting a separate offense. The penalties set forth by the trial court, which are consistent with the penalties for a zoning violation, are proper. Appellants' third assignment or error is without merit.
The judgment of the Lake Court of Common Pleas is affirmed.
CHRISTLEY, P.J., O' NEILL, J., concur.