OPINION
Defendant-appellant, Patty A. Atkinson, appeals the decision of the Fayette County Court of Common Pleas, Juvenile Division, finding her in contempt of court for violating a shared parenting agreement for visitation. For the reasons set forth below, the decision is affirmed.
Appellant and plaintiff-appellee, Richard Harper, entered into a shared parenting agreement which included a visitation schedule with the parties' minor daughter, Morgan. The plan became an order of the court on May 19, 1999. The plan did not specify when the visitation would begin. On June 10, 1999, Harper filed a motion for contempt, alleging that appellant had denied him his visitation with his daughter from the date of the visitation order. The trial court held a hearing on the matter and issued a decision on February 3, 2000, finding appellant in contempt of court. Appellant appeals, raising one assignment of error:
 The trial court's decision finding Appellant in contempt of court is unreasonable and arbitrary in that the proof produced by Appellee was not supported by clear and convincing evidence.
 In support of appellant's argument that the trial court erred by finding her in contempt of court, appellant notes that in the contempt order the trial court did not list the specific dates on which appellant violated the visitation order. Appellant also asserts that her corroborated evidence refuted the evidence presented by Harper.
This court will not reverse the trial court's finding on contempt absent an abuse of discretion. State ex rel. Ventrone v. Birkel (1981),65 Ohio St.2d 10. An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable, and is more than a mistake of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court. Dozer v. Dozer (1993), 88 Ohio App.3d 296, 302, citingBerk v. Matthews (1990), 53 Ohio St.3d 161.
Contempt is a disregard of, or disobedience to, an order or command of judicial authority. State v. Flinn (1982), 7 Ohio App.3d 294, 295. Civil contempt is a remedial measure, used to coerce compliance with a court order for the benefit of the complainant. Pugh v. Pugh (1984),15 Ohio St.3d 136, 139.
A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders. Moraine v. Steger Motors, Inc. (1996), 111 Ohio App.3d 265,268, citing ConTex, Inc. v. Consolidated Technologies, Inc. (1988),40 Ohio App.3d 94. Clear and convincing evidence has been defined as that measure or degree of proof that is more than a mere preponderance of the evidence, but not to the extent of such certainty as is required beyond a reasonable doubt in criminal cases. Cross v. Ledford (1954),161 Ohio St. 469, 477. Clear and convincing is the degree of proof that will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established. Id.
At a hearing on the contempt motion, Harper testified and introduced into evidence a calendar he said he had marked to keep track of his visits and missed visits with his daughter Morgan. Harper testified that since he did not know which Friday his visitation was to commence, he went every Friday at the specified time in an effort to visit with his child. Harper testified that when he attempted to pick up his daughter at appellant's home, no one would be home or no one would answer the door. Harper's witnesses included Harper's mother and stepfather, who both testified that one or the other accompanied Harper on his unsuccessful attempts to pick up Morgan for visits.
The trial court heard testimony from appellant that Harper was always late to pick up Morgan for visits, and therefore, Harper did not receive visits because appellant had left the house to take her other daughter to sporting events. Appellant introduced into evidence a sporting event schedule for her other daughter. Appellant also presented the testimony of her niece, Talia Hites, who was babysitting on one of the evenings that appellant had alleged that Harper had appeared late to pick up his daughter for a visit.
The court found Harper and Harper's two witnesses to be credible. The trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. Seasons Coal Co.v. Cleveland (1984), 10 Ohio St.3d 77, 80.
The trial court stated in its finding of contempt that, "[t]he evidence clearly shows that the father [appellee] did not have all of his court ordered visitation during the period of contempt." The trial court stated that after listening to the testimony and observing the witnesses, "the Court is of the firm conviction that the mother [appellant] is in contempt of Court."
Although the trial court did not specify in its order the specific dates upon which it found disobedience to the visitation order, the trial court found that Harper did not receive the visits with Morgan as provided by the visitation order between the time the visitation order was put into effect and the time the contempt motion was filed. The trial court, by the language used in its order, demonstrated that it applied the clear and convincing standard in making a determination on the contempt motion. The trial court's decision that appellant was in contempt of court for frustrating visitations was not unreasonable, arbitrary, or unconscionable. Therefore, this court will not substitute its judgment for that of the trial court. Appellant's assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.