OPINION
Appellant Anna Labriola appeals the decision of the Stark County Court of Common Pleas, Domestic Relations Division, that found her in civil contempt and ordered her to pay $1,765.11 for one-half of her daughter's college expenses and $751.25 for attorney fees. The following facts give rise to this appeal.
The parties were married on August 19, 1978, and two children were born as issue of the marriage. The marriage dissolved in 1996. The separation agreement entered into by the parties, on September 20, 1996, provides, in relevant part:
 Both parties shall equally share in college tuition and room and board for the minor children at a state university or technical school should the children choose to further their education. Both parties shall share equally in all school fees and extracurricular activities in which the children are involved.
The parties oldest child, Tiffany, began attending Kent State University, Stark Campus, following her graduation from high school in June 2000. On July 14, 2000, appellee sent a letter to appellant, by both regular and certified mail, informing appellant of Tiffany's plans to attend Kent State University. Appellant ignored the letters.
Thereafter, appellee began making monthly payments, for Tiffany's schooling, under the Kent First Program, which guarantees the price of tuition for a period of five years. Appellee sent appellant bills for the reimbursement of one-half of Tiffany's college expenses. Appellee sent bills for the months of August, September, October and November. Appellant did not remit payment or respond to the bills. One-half of Tiffany's tuition, books and miscellaneous expenses totaled $1,765.11.
Due to appellant's failure to pay, on August 17, 2000, appellee filed a motion to show cause. The trial court conducted an evidentiary hearing on December 5, 2000. The trial court filed a judgment entry, on December 6, 2000, finding appellant guilty of willful contempt for failing to pay one-half of her daughter's college expenses. The trial court ordered appellant to pay $1,765.11, for one-half of the college expenses and $751.25 for appellee's attorney fees resulting from the filing of the contempt action.
Appellant timely filed her notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT WAS OBLIGATED TO PAY ONE HALF OF COLLEGE TUITION AND EXPENSES FOR A CHILD OF THE PARTIES WHEN THE COURT DID NOT RECEIVE COMPETENT CLEAR AND CONVINCING EVIDENCE TO SUPPORT SUCH FINDING.
 II. THE TRIAL COURT ERRED BY FINDING THAT THE APPELLANT WAS OBLIGATED TO PAY ATTORNEY FEES FOR THE APPELLEE IN CONNECTION WITH A CONTEMPT PROCEEDING WHEN THE COURT DID NOT RECEIVE ANY EVIDENCE TO SUPPORT SUCH FINDING.
 I
In her First Assignment of Error, appellant contends the trial court erred when it accepted the evidence appellee presented to prove the amount paid for tuition and expenses because the evidence was insufficient to support a finding of contempt. We disagree.
The purpose of civil contempt is to impose sanctions in order to coerce the individual to comply with a court order that was previously violated. ConTex, Inc. v. Consol. Technologies, Inc. (1988),40 Ohio App.3d 94, 96. A trial court's finding of civil contempt must be supported by clear and convincing evidence. Moraine v. Steger Motors,Inc. (1996), 111 Ohio App.3d 265, 268. Clear and convincing evidence implies that the trier of fact must have a firm conviction or belief that the facts alleged are true. Id. The applicable standard of review of a trial court's contempt finding is abuse of discretion. State ex rel.Celebrezze v. Gibbs (1991), 60 Ohio St.3d 69, 75. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Thus, in reviewing this assignment of error, * * * we must determine if the trial court's attitude was unreasonable, arbitrary or unconscionable in * * * [finding appellant] in contempt. In making this determination, we need to ascertain whether the [trial court], * * * had a firm conviction or belief that the facts supported a finding of contempt. Inre Thomas (Apr. 7, 2000), Montgomery App. No. 18029, unreported, at 4.
Specifically, appellant maintains, under this assignment of error, that the best evidence of tuition and expenses would have been documentation from Kent State University or, at a minimum, duplicates of documentation from Kent State University as required by Evid.R. 1002 and Evid.R. 1003. A review of the record indicates that appellant did not make this argument before the trial court. Instead, as the trial court indicated in its judgment entry, appellant argued that the provision of the parties' separation agreement only required the parties to pay for college education until the child became legally emancipated.
The trial court dismissed this argument on the basis that the term "minor children" was made as a reflection of their age status at the time the parties entered into the separation agreement. Judgment Entry, Dec. 6, 2000, at 4. The trial court further noted that "`[t]he term `minor children' is used to jointly denote the parties' children throughout the agreement, and is not used as being exclusive in nature in paragraph three of page two of the separation agreement." Id.
In the case of Mkparu v. Ohio Heart Care, Inc. (1999), 138 Ohio App.3d 7, this court held that:
 * * * [F]ailure to specifically object on the grounds it now asserts on appeal * * *, has not been properly preserved for our review because it was not specifically argued as the basis for its objection in the trial court. Id. at 27.
Even if we were to find that appellant properly preserved this issue for appeal, appellee testified, at the hearing, that no documents exist as a result of these monthly transactions. Tr. at 44. Appellee explained that the Kent First Program requires him to make monthly payments. Id. Appellee entered into evidence a signed copy of this agreement. See Exhibit 13. However, because appellee has the monthly payments automatically deducted from his checking account, he does not receive any other documentation establishing the amount of these monthly payments. Appellant maintains appellee should have introduced bank statements showing the automatic withdrawals. However, appellant never objected to appellee's failure to do so at the hearing.
The trial court did not abuse its discretion when it found appellant in contempt as the trial court's decision is supported by clear and convincing evidence.
Appellant's First Assignment of Error is overruled.
 II
Appellant maintains, in her Second Assignment of Error, that the trial court erred when it awarded attorney fees to appellee because appellee did not introduce any evidence or testimony to support such fees. We disagree.
In State ex rel. Fraternal Order of Police, Captain John C. Post LodgeNo. 44 v. Dayton (1977), 49 Ohio St.2d 219, the Ohio Supreme Court held that: "[a] trial court has discretion to include reasonable attorney fees as a part of costs taxable to a defendant found guilty of civil contempt." Id. at syllabus. Accordingly, we will not reverse the trial court's decision to award attorney fees absent an abuse of discretion.
Although appellant maintains the award was in error because there was no evidence to serve as the basis of the award, the Franklin County Court of Appeals held in Wilder v. Wilder (Sept. 7, 1995), Franklin App. No. 94APE12-1810, unreported, at 3, that a trial court may award attorney fees in a contempt action arising from a domestic relations case in the absence of supporting evidence when the amount of work and time spent on the case is apparent.
Appellant does not challenge appellee's counsel's amount of work and time spent in preparing this contempt action and appearing in court. Instead, appellant challenges the fact that appellee presented no evidence or testimony to support the requested fees. However, as noted in the Wilder case, supra, such evidence is not required when the amount of work and time spent on the case is apparent. Based upon our review of the record, we do not find the trial court abused its discretion when it awarded appellee attorney fees in the amount of $751.25.
Appellant's Second Assignment of Error is overruled.
Hon. Julie A. Edwards, P. J. Hon. John W. Wise, J. Hon. John F. Boggins, J. concur.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.