[Cite as *In re S.B.*, 2012-Ohio-1228.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

|  |  |  |
|---|---|---|
| | : | |
| | : | C.A. CASE NO. 24856 |
| IN RE: S.B. AND A.B. | | |
| | : | T.C. CASE NOS. JC 96-6142 |
| | | JC 96-6143 |
| | : | |
| | | (Civil Appeal from |
| | : | Common Pleas Court, |
| | | Juvenile Division) |

. . . . . . . . .

O P I N I O N

Rendered on the 23rd day of March, 2012.

. . . . . . . . .

Kevin D. Hughes, Atty. Reg. No. 0065620, 20 South Main Street, Springboro, OH 45066
    Attorney for Appellant

David M. McNamee, Atty. Reg. No. 0068582, 42 Woodcroft Trail, Suite D, Beavercreek, OH 45430
    Attorney for Appellee

. . . . . . . . .

GRADY, P.J.:

### Introduction

{¶ 1} This is an appeal from a final order of the juvenile court that found the father of two minor children in contempt for failing to pay his share of the children's uninsured medical expenses and determining the amount he owes. We reverse the finding of contempt

because the court previously relieved Father of a duty to pay such expenses absent his agreement to the amount he owes or the court's prior determination of the amount of those expenses, neither of which had occurred. We affirm the determination of the amount Father owes as not against the manifest weight of the evidence.

<u>Statement of Facts and Procedural History</u>

{¶ 2}  On October 23, 1996, the juvenile court entered an agreed judgment that provided, among other things, that Plaintiff Mother and Defendant Father are the biological parents of two minor children, S.B. and A.B., that Mother shall be the residential parent and legal custodian of the two children, and that Father shall pay monthly child support to Mother. The agreed order further provided that:

> [Mother] shall maintain and be responsible for the total cost of health insurance for the minor child until such time that medical insurance for the minor child becomes available to [Father] at a reasonable cost. Any ordinary medical, dental and optical expenses for the child which are not covered by insurance, ordinary being defined as those totalling not more than $100 per year, are the responsibility of [Mother]. Any extraordinary medical, dental, optical and psychological expenses for the minor child which are not covered by insurance, are to be shared by the parties as follows: 80% by [Father] and 20% by Mother.

{¶ 3}  The juvenile court entered a subsequent order on November 16, 2006, which

> ORDERED that [Mother] shall be responsible for the first $100 incurred per child per calendar year of uninsured medical, dental and optical

expenses for the minor child(ren), and that [Father] and [Mother] shall share liability for the cost of the remaining medical, dental, optical and all psychological expenses (1) in amounts equal to their percentage of total income found on Line 16 of the Child Support Computation Worksheet as follows: [Father] 33% and [Mother] 67%; or (other agreement or order).

{¶ 4} On May 8, 2009, Mother filed a motion to increase child support and a motion to find Father in contempt for failing to pay his portion of the out of pocket medical expenses as ordered by the court. Both parties subsequently filed additional motions.

{¶ 5} After a series of continuances, the parties reached an agreement regarding the outstanding motions. On June 16, 2010, the court adopted a magistrate's decision that incorporated the parties' agreement. The juvenile court's order provided, in pertinent part:

The parties and their attorneys have submitted an agreed entry. The Court has reviewed the agreed entry attached hereto and finds it equitable and in the children's best interest. The Court therefore incorporates and adopts the agreed entry as a Court order.

* * *

The parties further agreed that the father will provide health insurance now available through his wife and that the parties will cooperate with obtaining that insurance. Uninsured medical, dental, vision, or psychological expenses will be paid by the parties according to Line 16 of the computation sheet attached to the agreed entry.[1] * * *

---

[1] **Line 16 of the computation sheet sets out the percentages**

The parties further agree that the father will pay his portion of any pending uninsured medical, dental, vision, or psychological expenses, if any, through counsel, within 30 days of the agreement.

Page 6 of the agreed entry referred to in the June 16, 2010 order provides, in part:

EXISTING MOTIONS FOR UNINSURED EXPENSES:

The parties shall endeavor to agree upon a dollar amount for the uninsured medical expenses owed by Father to Mother. The parties agree that Father shall pay to Mother the agreed upon sum within thirty days of reaching the agreement or in the event that an agreement is not reached and a Motion is filed with the court, within thirty days of the Court issuing an Order as the amount owed.

**{¶ 6}** On July 13, 2010, Mother filed a motion to find Father in contempt of court for failing to pay child support, failing to pay his portion of the medical expenses, and failing to provide health insurance for the minor children, as ordered in the June 16, 2010 order. A hearing on Mother's motion was held before a magistrate on January 4, 2011.

**{¶ 7}** On January 25, 2011, the magistrate issued her decision, finding in pertinent part:

of each parent's income, Father's being 48.5% and Mother's being 51.5%, of the two parents' total income. It does not identify a dollar amount that either is obligated to pay.

The court finds [Father] to be in contempt of Court because evidence shows by clear and convincing evidence that [Father] was ordered to pay his portion of the medical expenses of the children not paid by insurance minus the first $100.00 per calendar year, that he was ordered to pay a certain percentage of different years which was noted by [Mother] and accounted for on the bills, that there were outstanding bills which were presented to him, that he received the notices of the bills in the form he required which were the EOB's (explanation of benefits), and that he did not pay his portion within the 30 days required in the parties agreement which was filed as Court decision of June 16, 2010. * * * [Father] owes $10,835.13 for uninsured medical expenses from 2002 through 2010 minus $207.00 he paid in 2009 and $623.00 he paid in 2010, which brings his medical arrearage to $10,005.13. This amount shall be added to [Father's] child support arrearage * * *. [Father] shall pay attorney fees in the amount of $350.00 to counsel for [Mother] * * * within 30 days of the date of this decision and the Court therefore orders that the said [Father] is sentenced to thirty (30) days in the Montgomery County Jail. The Court further orders that the said sentence is suspended on the condition that the defendant pays a $1000.00 arrearage within 90 days of the time-stamped date of this decision as purge.

{¶ 8} Father filed objections to the magistrate's decision, which the trial court overruled on September 19, 2011. Father filed a timely notice of appeal from the trial court's order, raising the following assignment of error:

"THE TRIAL COURT ERRED IN FINDING FATHER IN CONTEMPT AS THERE WAS NOT COMPETENT AND CREDIBLE EVIDENCE SUBMITTED WARRANTING A FINDING OF CONTEMPT OR ADDING $10,005.13 TO FATHER'S CHILD SUPPORT ARREARS."

{¶ 9}  A person may be punished for contempt for "[d]isobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or officer[.]" R.C. 2705.02(A).  Father argues that the trial court erred in finding him in contempt for failing to pay Plaintiff for uninsured medical expenses from 2002 to 2010.

### Legal Analysis

{¶ 10} "A finding of civil contempt requires clear and convincing evidence that the alleged contemnor has failed to comply with the court's prior orders."  (Citation omitted.) *Moraine v. Steger Motors, Inc.*, 111 Ohio App.3d 265, 268, 675 N.E.2d 1345 (1996).  In *Ohio State Bar Assn. v. Reid*, 85 Ohio St.3d 327, 331, 708 N.E.2d 193 (1999), the Ohio Supreme Court defined "clear and convincing evidence" as:

> that measure or degree of proof which is more than a mere "preponderance of the evidence," but not to the extent of such certainty as is required "beyond a reasonable doubt" in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.

{¶ 11} We review the juvenile court's contempt finding for an abuse of discretion.  In *AAAA Enterprises, Inc v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990), the Supreme Court set forth the following test to determine whether the trial court had abused its discretion:

"Abuse of discretion" has been defined as an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.* (1985), 19 Ohio St.3d 83, 87, 19 OBR 123, 126, 482 N.E.2d 1248, 1252. It is to be expected that most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary.

A decision is unreasonable if there is no sound reasoning process that would support that decision. It is not enough that the reviewing court, were it deciding the issue *de novo*, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result.

{¶ 12} On January 25, 2011, the magistrate found Father in contempt on a finding that Father had failed to pay his portion of the medical expenses "within the 30 days required in the parties agreement which was filed as Court decision of June 16, 2010." The agreement referenced in the juvenile court's June 16, 2010 order is the "AGREED ORDER AND ENTRY" that was submitted to the juvenile court by Mother and Father. The agreement provided that Mother and Father would "endeavor to agree upon a dollar amount for the uninsured medical expenses owed by Father to Mother." If Mother and Father came to an agreement, then Father had 30 days from the date on which agreement was reached to pay Mother the agreed upon amount. In the event the parties could not come to an agreement, however, Father had 30 days to pay the amount owed to Mother from the date on which the juvenile court determined the amount Father owes.

{¶ 13} A judgment performs its main function when it adjudicates the existence or nonexistence of the liability sought to be established. *Symons v. Eichelberger*, 110 Ohio St. 224, 114 N.E. 279 (1924). Liability is "[t]he quality or state of being legally obligated or accountable; legal responsibility to another or to society, enforceable by civil remedy or criminal punishment." *Black's Law Dictionary* 925 (7th Ed. 1999). The "AGREED ORDER AND ENTRY" of June 16, 2010 imposed no liability on either party. It was nothing more than the court's approval of the parties' mutual promises to consult, and agree if possible, on the amount Father owes for his share of uninsured medical expenses, and imposing an obligation on Father to pay that undetermined amount or an amount the court subsequently determines he owes.

{¶ 14} It is undisputed that Mother and Father were unable to come to an agreement on the amount of money Father owed for medical expenses. Therefore, pursuant to the terms of the June 16, 2010 order and the "AGREED ORDER AND ENTRY," Father would have to pay Mother an undetermined amount for uninsured medical expenses within 30 days after the date on which the juvenile court issued an order determining the amount owed. The juvenile court did not issue such an order prior to the contempt hearing. Rather, the first time the juvenile court made a finding as to the amount owed by Father for medical expenses incurred from 2002 to 2010 was in the juvenile court's September 19, 2011 judgment, which overruled Father's objections to the magistrate's January 25, 2011 decision and adopted that decision as the court's order, finding Father in contempt.

{¶ 15} Based on the record before us, we conclude that the juvenile court abused its discretion when it found Father in contempt of the court's June 16, 2010 order, because Father

had not resisted or disobeyed any requirement to pay an amount of uninsured medical expenses that order required him to pay. Therefore, that portion of Father's assignment of error is sustained and the juvenile court's judgment finding Father in contempt will be reversed and vacated. Further, the award of $350.00 in attorney fees to Mother's counsel will be reversed and vacated as that award was based on the juvenile court's finding of contempt. R.C. 3105.21(C).

{¶ 16} Father also argues that the juvenile court's finding that Father owed $10,005.13 for unpaid medical expenses from 2002 to 2010 is against the manifest weight of the evidence. "Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Const. Co.*, 54 Ohio St.2d 279, 376 N.E.2d 578 (1978), syllabus.

{¶ 17} At the contempt hearing, Mother presented detailed records that she kept concerning medical expenses that were incurred for the years of 2002 through 2010. In addition, Mother presented Explanation of Benefits from insurance companies that detailed what medical services were performed. Further, Mother's testimony at the hearing supports the accuracy of her documentation. That evidence is competent, credible evidence that supports the juvenile court's finding that Father owes Mother $10,0005.13 for unpaid medical expenses.

{¶ 18} Father argues that the juvenile court's finding, based on Mother's documentation and testimony, is against the manifest weight of the evidence because Father testified that he had paid more money to Mother than is reflected in her records. The juvenile

court clearly decided to credit Mother's testimony over Father's testimony. The credibility of the witnesses and the weight to be given to their testimony are matters for the trier of facts to resolve. *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). In *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997), we observed:

> Because the factfinder * * * has the opportunity to see and hear the witnesses, the cautious exercise of the discretionary power of a court of appeals to find that a judgment is against the manifest weight of the evidence requires that substantial deference be extended to the factfinder's determinations of credibility. The decision whether, and to what extent, to credit the testimony of particular witnesses is within the peculiar competence of the factfinder, who has seen and heard the witness.

{¶ 19} The testimony and supporting documentation presented at the hearing by Mother is competent, credible evidence that supports the juvenile court's finding. Therefore, the juvenile court's determination that Father owes $10,0005.13 for unpaid medical expenses and creating an arrearage in that amount, is not against the manifest weight of the evidence. That portion of Father's assignment of error is overruled.

## Conclusion

{¶ 20} The assignment of error is sustained, in part, and overruled, in part. That part of the judgment of the juvenile court finding Father in contempt and awarding attorney fees to Mother's counsel will be reversed, and that part of the judgment finding Father owes Mother $10,005.13 for unpaid medical expenses will be affirmed.

DONOVAN, J., And HALL, J., concur.


**Copies mailed to:**

**Kevin D. Hughes, Esq.**
**David M. McNamee, Esq.**
**Hon. Anthony Capizzi**