WISE v. CHANEY, CIRCUIT JUDGE.

1. **Estates of Decedents:** CONTEMPT OF ORDER TO PAY ASSETS TO ADMINISTRATOR: FACTS INSUFFICIENT TO PURGE: CODE, § § 2379, 2380. Plaintiff was ordered by the defendant, as judge of the circuit court, under § § 2379 and 2380 of the Code, to pay the administrator certain moneys which had come into his hands belonging to the estate. Plaintiff refused to pay the money, on the ground that he had received it as a mere clerk of a prior administrator, and had paid it out (without authority it would seem) to the widow for the support of her family, and in discharge of claims against the estate, and that he had in his possession no money, either of his own or belonging to the estate. *Held* that this showing did not purge him of the contempt in disobeying the order, and that he was lawfully committed to jail until he should comply therewith.

SATURDAY, SEPTEMBER 26.

THIS is a proceeding by *certiorari* originally brought in this court.

*John A. Patterson*, for plaintiff.

No appearance for defendant.

BECK, CH. J.—I. The circuit court of which defendant is judge, sitting as a court of probate in a proceeding touching the settlement of an estate, upon the application of the administrator, made an order requiring plaintiff to pay to the administrator certain money of the estate, which the court found had come into the hands of plaintiff, and which he failed to pay over. The plaintiff made a showing to purge himself of contempt in failing to obey the order, to the effect that he had received the money as a mere clerk of a prior administrator who had been removed, and that he had disbursed the money in payment to the widow of the deceased, for the support of her family, and in the discharge of claims against the estate. He also showed that he had no money,

either of his own or of the estate, in his possession. The circuit court, holding that plaintiff had failed to purge himself of contempt, ordered him to be imprisoned until he should pay the money in obedience to the order.

II. The proceedings resulting in the order of the court requiring plaintiff to pay the money found to be in his hands are authorized by Code, §§ 2379, 2380. We cannot in this case inquire whether the evidence before the circuit court justified the order, and thus review, as upon an appeal, that decision. The contempt for which the plaintiff stands committed consists in disobedience of this order without sufficient justification or excuse therefor. We are required to determine whether there was such a disobedience without excuse, for the circuit court would not have jurisdiction to punish for the contempt unless it in fact existed. The statement of plaintiff, made to purge himself of contempt, shows the receipt of the money of the estate. But it fails to show lawful excuse for not paying it over upon the order of the court. Plaintiff had no right to disburse the money as shown by him. This could have been lawfully done only by the administrator under authority and approval of the court. His other excuse, that he had no money of his own in his possession will not do. It would be a convenient way, if this excuse should be regarded as sufficient, for one required to surrender money or property of an estate, to divest himself thereof, and thus defeat the order of the court and justice.

We reach the conclusion that plaintiff was lawfully committed for the contempt, and that the writ of *certiorari* must be                            DISMISSED.