## CHARLES T. JENKINS v. STATE OF NEBRASKA.

FILED MAY 2, 1900. No. 10,596.

1. **Plaintiff in Replevin:** STATUTORY BOND: POSSESSION OF PROPERTY. A plaintiff in replevin who has given the statutory bond, is entitled to the possession of the property in dispute during the pendency of the action.

2. **Appeal:** VACATION OF JUDGMENT BELOW. When an appeal is docketed in the district court, the judgment appealed from is vacated and annulled; and the litigants are, with respect to their legal rights, where they were at the commencement of the suit.

3. ———: RESTITUTION. When a judgment is vacated by appeal, after having been carried into execution, the appellant is entitled to have restitution.

4. **Order of Restitution:** CONTEMPT. A party who willfully fails to comply with a lawful order for restitution may be proceeded against as for a criminal contempt.

5. **Contemnor May Purge.** One who is in contempt of court by reason of disobeying an order to restore the subject of litigation, may purge himself of such contempt by showing that his failure to comply with the order was not attributable to mere contumacy, but was due to an inability (not voluntarily created) to comply with such order.

ERROR to the district court for Butler county. Tried below before SEDGWICK, J. *Affirmed*.

REHEARING of case reported in 59 Nebr., 68.

*Charles T. Jenkins* and *Burr & Burr*, for plaintiff in error.

*W. W. Stowell* and *George P. Sheesley, contra,* argued: In replevin cases, other than of distress, the ownership is determined by the result of the suit. Pending this, the property was regarded as in the custody of the law, though in the plaintiff's possession. Wells, Replevin, sec. 470; *Bruner v. Dyball*, 42 Ill., 34; *Bardy v. Keeler*, 56 Ill., 152; *Stevens v. Tuite*, 104 Mass., 332; *Miller v. White*, 14 Fla., 435; *Milliken v. Selye*, 6 Hill, 623.

SULLIVAN, J.

This case is before us on rehearing. The former opinion *(Jenkins v. State*, 59 Nebr., 68), contains a sufficient statement of the facts upon which our decision is grounded. The defendant has, in his supplemental brief, exhaustively reviewed the authorities touching the power of the district court to make the order for restitution and to enforce it by proceeding against him for contempt; but he has entirely failed to convince us that the conclusion heretofore reached upon that question is erroneous. Further investigation and reflection has only strengthened and confirmed us in our conviction that the order complained of was made by the trial court in the exercise of jurisdiction, and is, therefore, valid and enforceable. The plaintiff in the replevin suit has given the statutory bond and was entitled to the possession of the property in controversy during the pendency of the action. The appeal vacated the judgment in favor of Jenkins and extinguished absolutely and irrevocably every right and advantage resulting from the decision of the county court in his favor. *Campbell v. Howard*, 5 Mass., 376; *Curtiss v. Beardsley*, 15 Conn., 518; *Bender v. Lockett*, 64 Tex., 566; *Moore v. Jordan*, 65 Tex., 395; *Lucas v. Dennington*, 86 Ill. 88; *Rogers v. Hatch*, 8 Nev., 35.

The docketing of the cause in the district court did not merely arrest the execution of defendant's judgment and leave the parties where they were at the moment the appeal became effective; it went farther and left them, with respect to their legal rights, where they were when the suit was instituted. *Murphy v. Merritt*, 63 N. Car., 502; *Patton v. Gash*, 99 N. Car., 280; *Minneapolis Harvester Works v. Hedges*, 11 Nebr., 48; *O'Leary v. Iskey*, 12 Nebr., 136. In 2 Ency. Pl. & Pr., 325, it is said: "The vacation of the decree, judgment, or order appealed from restores the cause pending the appeal to the state in which it stood before the decision was made."

If the appeal merely suspended the right to enforce the judgment, *Creighton v. Keith*, 50 Nebr., 810; *Runyan v. Bennett*, 4 Dana [Ky.], 599; *Board of Commissioners v. Gorman*, 19 Wall. [U. S.], 661; *Robertson v. Davidson*, 14 Minn., 427, and other cases holding that whatever is done under a judgment before it is superseded is not undone by the supersedeas, would be in point. But since the effect of an appeal to the district court is to blot out the judgment or order appealed from, those cases are not pertinent. The judgment in favor of Jenkins having been annulled by the appeal, it was his duty to make prompt restitution of the proceeds of the wheat; and the district court having jurisdiction of the parties and the subject of the suit, was vested with ample authority to enforce, in a summary manner, the performance of that duty. *Anheuser-Busch Brewing Ass'n v. Hier*, 55 Nebr., 557; *Flemings v. Riddick*, 5 Gratt. [Va.], 272; *Northwestern Fuel Co. v. Brock*, 139 U. S., 216; *First Nat. Bank v. Elliott*, 60 Kan., 172; *Gott v. Powell*, 41 Mo., 416; *Jones v. Hart*, 60 Mo., 362; *Yott v. People*, 91 Ill., 11; *Keen v. Saxton*, 17 N. J. Law, 313; 18 Ency. Pl. & Pr., 882. The order directing Jenkins to make restitution was a lawful order, and it was his duty to comply with it, if it was within his power to do so. If he willfully disobeyed the order, the court had authority to punish him for contempt. *People v. Neill*, 74 Ill., 68; *Knott v. People*, 83 Ill., 532; *Dawley v. Brown*, 43

How. Pr. [N. Y.], 17; *Anonymous*, 2 Salk., 588; *Doe v. Williams*, 29 Eng. C. L., *381; *Greer v. McClelland*, 1 Phila. [Pa.], 128; 18 Ency. Pl. & Pr., 896; Cobbey, Replevin, sec. 718. Section 669 of the Code of Civil Procedure confers upon every court of record authority to punish, as for criminal contempt, any "willful disobedience of, or resistance wilfully offered to any lawful process or order of said court." The defendant might, of course, have purged the contempt by showing that his failure to make restitution was not attributable to mere contumacy, but was due to an inability (not voluntarily created) to obtain the necessary funds. This he did not do. The evidence given at the trial justified the court in finding that Jenkins had resources and was, at that time, without any valid excuse for not restoring to Myatt or paying into court the proceeds of the wheat; and it did not err in adjudging him to be guilty of contempt, and adjudging that he be committed to the jail of Butler county until he should purge himself of the contempt by complying with the order of restitution. The judgment of affirmance is adhered to.

AFFIRMED.