Kahlbon v. The People.

---

## Walter M. Kahlbon v. The People.

1. CONTEMPT OF COURT—*Disobedience of a Decree Must be Willful.*— Where disobedience of a decree is not willful, and does not clearly appear to have arisen from an intent to set at naught or bid defiance thereto, the power to punish for contempt can not be properly exercised.

2. SAME—*Order for the Commitment Should Name a Definite Term of Imprisonment.*—The better opinion seems to be that the order of commitment should name a definite term of imprisonment in all cases when the imprisonment is inflicted as a punishment for the contempt and not as a means to compel the party to do some act required of him by the court.

Contempt of Court.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.  Heard in the Branch Appellate Court at the March term, 1901.  Reversed and remanded. Opinion filed April 18, 1902.

S. S. FALLASS, attorney for appellant.

No appearance for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

This appeal calls in question the validity of an order of commitment for contempt of court in failing to obey an order for the payment of alimony.

The order complained of finds that the appellant is " in default and contempt of court for not paying the balance due, to wit, $129.50 under said order of July 24, 1900.  It is therefore ordered and adjudged by the court that the defendant, Walter M. Kahlbon, be forthwith arrested by the

sheriff of Cook county, State of Illinois, and by him held in custody and confined in the county jail of said Cook county until he shall pay according to the terms of said order, all the money due thereunder according to the terms thereof."

It nowhere appears that the defendant willfully disobeyed the order of court, and the court nowhere makes any such finding. " Where disobedience of a decree is not willful, and does not clearly appear to have arisen from intent to set at naught or bid defiance thereto, the power to punish for contempt can not be properly exercised." Hughson v. The People, 91 Ill. App. 396.

In Rapalje on Contempts, Sec. 137, the author says it should appear from an order of commitment for contempt, "that it was in the defendant's power to perform the required act, or else the commitment will be void."

It is said in O'Callaghan v. O'Callaghan, 69 Ill. 552, " We are of the opinion, however, that when brought before the court on attachment, it would be sufficient to entitle the party to be discharged, to show his disobedience had not been willful, but was solely on account of his pecuniary inability, or some misfortune over which he had no control. The court is empowered to punish willful obstinacy, in such cases, by imprisonment, but we think the spirit of our constitution forbids that the pecuniary inability of the party, not resulting from his fraudulent conduct to produce that condition, can not be punished as a contempt, by imprisonment." And this was referred to approvingly in Dinet v. The People, 73 Ill. 183; and Moseley v. People, p. 564 *ante.*

The order is erroneous, also, in not naming a definite term of imprisonment.

Rapalje on Contempts, Sec. 129, says, that although the authorities are not uniform upon the question, yet " the better opinion seems to be that the order of commitment should name a definite term of imprisonment in all cases when the imprisonment is inflicted as a punishment for the contempt, and not as a means to compel the party to do some act required of him by the court."

If the order before us should be construed as a means of

enforcing payment of the decree for alimony, rather than as a punishment for the contempt in not doing so, we think the order should be certain, and not indefinite, so as to amount to a perpetual imprisonment. People v. Pirfenbrink, 96 Ill. 68.

In Billingsley v. People, 86 Ill. App. 233, the order was, in effect, practically the same as it is here, and was to enforce obedience to the decree of the court, and not for punishment. And it was there held, under the authority of a large number of cited cases, that the order was indefinite and unreasonable.

The order is reversed and the cause is remanded.