Allen, J.
 

 These three proceedings arise under Sections 11768-11787, G-eneral Code. The particular sections involved are 11769 and 1178Í, which read as follows:
 

 Section 1Í769: “After the issue of an execution against property, and on proof by the affidavit of
 
 *323
 
 the judgment creditor, or otherwise, to the satisfaction of the court of common pleas, or a judge thereof, or a probate judge, of the county in which the debtor is found, that the judgment debtor has property which he unjustly refuses to apply toward the satisfaction of the judgment, such court or judge, by order, may require the debtor to appear at a time and place, in such county, to answer concerning it. Such proceedings thereupon may be had, for the application of the property of the debtor toward the satisfaction of the judgment, as herein are prescribed.”
 

 Section 11781: “The judge may order any property of the judgment debtor or money due to him, not exempt by law, in the hands either of himself or other person, or of a corporation, to be applied toward the satisfaction of the judgment, but ninety per cent, of the earnings of the debtor for his personal services, within thirty days next preceding the order cannot be applied when it is shown by the defendant, that such earnings are necessary for the support of the debtor or his or her dependent family; except that, if the judgment is one for work and labor, or necessaries furnished to the debtor, his wife, or family, an amount equal to twenty per cent, of such earnings may be ordered to be applied toward its satisfaction.”
 

 In this case it is not claimed that any part of the sum in controversy consists of earnings of the debtor for his personal services, and hence the exceptions of Section 11781 do not apply.
 

 The court of common pleas found in the md proceeding that the defendant Wilson had fraudulently placed the sum of money received from the settle-
 
 *324
 
 meat of an independent action in the possession of his brother, Albert M. "Wilson, at Washington, Pa., and that it belonged to and was subject to the absolute control and disposition of the defendant Addison R. Wilson. Many of the legal contentions of the plaintiff in error are based upon the fact that this finding of the court of common pleas was not justified. We do not in this court review the weight of the evidence. This court will, however, examine the record to determine whether there is any evidence to support a finding of fact which is the basis of a final order or judgment, and having examined this record with that question in mind, we think that the court of common pleas had before it more than ample evidence upon which to base its conclusion.
 

 The sum in controversy was received by Addison R. Wilson after the judgment was obtained in the instant proceedings. Subsequently, and prior to tfie application for order in aid of execution, Wilson represented to Mr. Alvord L. Bishop, an attorney of Cleveland, that he had received the sum in question, but had sent it to his brother, Albert M. Wilson, in Washington, Pa., to hold in trust for him, Addison R. Wilson. An order signed by Addison R. Wilson directed to his brother in Pennsylvania is a part of this record, ordering his brother to pay part of the money in question for the defense of an action brought by the Columbia Casualty Company against a certain George H. Durant, who had agreed to indemnify the casualty company from loss incurred by reason of that company signing the construction building bond for Wilson.
 

 Wilson not only signed this order, which he now
 
 *325
 
 claims that he did not read, in which he specifically states that he places the fund in question in the hands of his brother as trustee for his own use and benefit, assigns $500 of the fund to Durant, and instructs and authorizes his brother to pay that sum to Durant, but also, signed a letter in which he again recites that he has assigned and transferred the sum of $500 to Durant, and addressed this letter to his own brother in Washington, Pa., in which he says, “I wish you would turn this amount over to him [Durant] at once.”
 

 It is true that the brother testifies upon the aid proceedings that the money was received by him in payment of a debt owing to him from Addison R. Wilson, but he offered no physical proof of this debt, in the form of notes, receipts, or writings of any kind, and gave no specific dates for the various transactions which he claimed resulted in the debt from his brother to himself. The question whether the fund.belonged to Wilson or to his brother, and whether it was under the control and disposition of Wilson instead of under his brother’s control, was a question of fact to be decided by the court which heard the evidence.
 

 We assume, therefore, for the purposes of this decision, as found by the court of common pleas in the aid proceedings, that the fund was in existence at the time of the aid proceedings, that it belonged to Addison R. Wilson, and was in his absoluté control and disposition, being held by the brother in Pennsylvania in trust for Wilson in Ohio.
 

 Plaintiff in error urges that, since the money sought to be reached was not in the physical.possession of Addison R. Wilson, the court was without
 
 *326
 
 jurisdiction to make any order respecting the fund. This contention, however, is incorrect. The court of common pleas could not make an order upon the brother in Washington, Pa., to pay the money upon the judgment, nor could it attach or sequester the fund in Washington, Pa., but it could and did order the defendant in Cleveland, Ohio, to take such action that the fund in Pennsylvania could be applied to the satisfaction of the judgment. The jurisdiction of the court over the defendant was undoubted.
 

 Two of the Ohio cases cited by plaintiff in error, defendant below
 
 (White
 
 v.
 
 Gates,
 
 42 Ohio St., 109, and
 
 Second National Bank of Sandusky
 
 v.
 
 Becker,
 
 62 Ohio St., 289, 56 N. E., 1025, 51 L. R. A., 860), relate to instances where the court made an order upon a person or persons not party to the suit, which order was necessarily held to be void. In this case, however, the court made no order upon the brother in Pennsylvania. Its order was directed entirely to the judgment debtor in Cleveland, Ohio, and hence the above decisions do not apply. Moreover, in this case the court did not issue a peremptory order upon the judgment debtor to pay the debt, but ordered a specific existing fund to be applied to the discharge of the judgment, and hence came within, instead of violating, the rule announced in
 
 Union Bank of Rochester
 
 v.
 
 Union Bank of Sandusky,
 
 6 Ohio St., 255. This fact disposes of plaintiff in error’s contention that imprisonment under the order will constitute imprisonment for debt, contrary to Section 15, Article I, of the Ohio Constitution. It is to be noted that that section of the Constitution specifically excepts cases of fraud, and in this case the court expressly found that fraud existed.
 

 
 *327
 
 The facts in
 
 Edgarton & Wilcox
 
 v.
 
 Hanna, Garretson & Co., 11
 
 Ohio St., 323, are not stated in the
 
 per curiam
 
 decision. As revealed by the briefs, they differ entirely from those set forth in this record, and indeed the case is an authority against the plaintiff in error, for it holds that it was the duty of the judgment debtor, under such circumstances as those of this record, to have applied the fund in satisfaction of the judgment.
 

 It would indeed be a strange theory of the law which would hold that a judgment debtor could exonerate himself from obligation to apply his property to the satisfaction of his judgment debts by merely sending it out of the state and placing it in the hands of other persons.
 

 Hence we overrule the assignments of error in case No. 20847, and proceed to consider whether the Court of Appeals erred in affirming the court of common pleas in the contempt proceedings and in denying the writ of
 
 habeas corpus.
 

 Upon the hearing of the citation in contempt, the court asked the defendant Addison E. Wilson whether he cared to be sworn, and testify. His attorney said, “There is no reason why he should testify in this case.” The court then asked the defendant, “You care to answer these charges, or don’t you?” and his attorney said:
 

 “I will answer for him, to this effect: We will say, first of all, that the court is without jurisdiction to make the order heretofore made by this court; secondly, that the court is without authority to punish a failure to comply with that order; thirdly, that it is physically impossible for this defendant to comply with the order because the money is
 
 *328
 
 neither in his possession nor under his control, with all due respect to the order or the judgment of the court heretofore made * * *.”
 

 It is significant that the defendant himself uttered no syllable of testimony in answer to the charge of contempt. ,
 

 The court of common pleas, in its order upon the contempt proceedings, found that Addison R. Wilson “can yet perform said order and that his contempt of said order consists in the omission to perform the same although able so to do. It is therefore ordered and adjudged that said Addison R. Wilson, defendant, stands committed to the jail of Cuyahoga county, state of Ohio, until he complies with said order, or is discharged according tó law.”
 

 The question whether the order had been disobeyed and whether Wilson was able to perform it was one of fact which the court making the order had to determine, and that determination of fact cannot be reviewed in this proceeding.
 
 Ex parte Cottrell,
 
 59 Cal., 420.
 

 We therefore hold that the Court of Appeals was correct in its ruling upon the error proceedings instituted to the order of commitment for contempt, and we also assume that Addison R. Wilson is able to perform the order.
 

 Many of the contentions made here by plaintiff in error, both as to the order of commitment and as to the
 
 hateas corpus
 
 action, are grounded upon the proposition that Wilson is unable to perform the order. It is true that an order finding one guilty of contempt for failure to perform an act directed by the court is void as a basis for the imposition of punishment unless it appears therefrom that it is
 
 *329
 
 •within the power of such person to perforin the act.
 
 Van Hoosear
 
 v.
 
 Railroad Commission,
 
 189 Cal., 228, 207 P., 903;
 
 Jenkins
 
 v.
 
 State,
 
 60 Neb., 205, 82 N. W., 622.
 

 It is to be observed that some of the decisions which hold such an order invalid as being in excess of jurisdiction are based upon the fact that the inability of the defendant to comply with the order was uncontradicted.
 
 Ex parte Cohen,
 
 6 Cal., 318;
 
 Adams
 
 v.
 
 Haskell & Woods, 6
 
 Cal., 316, 65 Am. Dec., 517.
 

 If the defendant’s liability arises from his own willful act, however, it is no excuse.
 
 Rudd
 
 v.
 
 Rudd,
 
 184 Ky., 400, 214 S. W., 791;
 
 Huckins
 
 v.
 
 State,
 
 61 Neb., 871, 86 N. W., 485;
 
 Wise
 
 v.
 
 Chaney,
 
 67 Iowa, 73, 24 N. W., 599;
 
 In re Anderson
 
 (1917), 97 Wash., 683, 167 P., 70;
 
 Snowman
 
 v.
 
 Harford,
 
 57 Me., 397.
 

 It is claimed here also that the order of the court of common pleas finding the defendant in contempt is far too broad, and that under this order Addison B. Wilson could be held in prison forever if his brother did not comply with the order of the court. It is urged that the order of contempt must name a definite term. However, the failure of such an order to fix a definite period will not render it void where-the record of the proceedings shows that its intent is that the confinement shall be until the order of the court shall be complied with.
 
 Tollman
 
 v.
 
 Leonard,
 
 6 App., D. C., 224;
 
 Kahlbon
 
 v.
 
 People,
 
 101 Ill. App., 567; Rapalje on Contempt, Section 129.
 

 We do not construe the order as it is interpreted by the plaintiff in error.
 

 Obviously the direction from Wilson, as to the application of the fund, must be sent from Cleve
 
 *330
 
 land to Washington, Pa. When the fund is in the possession of the brother in Pennsylvania, the brother in Ohio cannot physically turn' it over in Ohio; but the brother in Ohio can and must set in process the train of action which will result in the fund being applied upon this judgment, and that the brother in Ohio, according to this record, has not even begun to do.
 

 We repeat that this record contains a finding that Wilson is able to comply with the order, and offers no competent testimony of Wilson’s having taken the slightest step to comply with the order to' apply the existing fund to the satisfaction of the judgment.
 

 Under these circumstances, the Court of Appeals was correct in affirming the court of common pleas in its order upon the contempt proceedings, and in its order made upon the hearing in aid of execution. Since the trial court had jurisdiction both to make the order in aid of execution and to make the order of commitment for contempt, the Court of Appeals properly refused to issue the writ of
 
 habeas corpus.
 
 The writ of
 
 habeas corpus
 
 cannot be made a substitute for proceedings in error.
 
 Yutze
 
 v.
 
 Copelan, Chief of Police,
 
 109 Ohio St., 171, 142 N. E., 33, 32 A. L. R., 1048.
 

 Judgment of the Court of Appeals affirmed.
 

 Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.