OPINION
{¶ 1} Defendant-appellant Stanley Miller Construction Co. appeals from the February 11, 2005, Judgment Entry of the Stark County Court of Common Pleas.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Stanley Miller Construction Co. is the owner of property located in Pike Township in East Sparta, Ohio. On June 18, 2003, appellee Beth Knox, as the Pike Township Zoning Inspector, filed a complaint for permanent injunction against appellant in the Stark County Court of Pleas, alleging that appellant had violated numerous provisions of the Pike Township Zoning Resolutions. Appellee also filed an application for a preliminary injunction.
 {¶ 3} Subsequently, the parties settled the case. An "Agreed Judgment Entry (Settlement)" was filed on October 14, 2003, dismissing the case with prejudice, but reserving jurisdiction "for the purpose of enforcing the terms/conditions of the [Mutual Settlement] Agreement." The Mutual Settlement Agreement, which was attached to the Agreed Judgment Entry and made a part thereof, stated, in relevant part, as follows:
 {¶ 4} "3. Defendant's settlement obligations:
 {¶ 5} "(g) `Defendant will:
 {¶ 6} "(i) As of April 15, 2004, commence storing any and all salvage materials for/from future projects off of the Property unless stored inside of any building at the Property; . . .
 {¶ 7} "(iv) Prior to April 15, 2004, perform/complete the removal/relocation of items/materials situated at the Property on August 27, 2003, as provided within and memorialized by the Video.
 {¶ 8} "(h) On or before November 1, 2003, construct at the Property a fence structure with a height of not less than eight (8) feet or more than sixteen (16) feet, (`Fence Structure'), along that portion of the Property consisting of approximately four hundred feet (400') more or less depicted in the approximate area set forth upon Schedule 1 which is attached hereto and is made part hereof. Defendant will obtain from Plaintiffs (as applicable) any requisite permit(s) for the Fence Structure, and Plaintiffs (as applicable) shall issue the same. Defendant shall at all times maintain the Fence Structure in reasonable condition. The Fence Structure must be of uniform type, appearance and coloring and may be any one (1) of the following:
 {¶ 9} "(a) Chain link with non-see through slatting; and/or,
 {¶ 10} "(b) Corrugated metal or metal siding (consisting of new siding materials with uniform, neutral coloring)."
 {¶ 11} Thereafter, on August 6, 2004, appellee filed a Motion for Order to Appear and Show Cause, alleging that appellant was in contempt of the trial court's October 14, 2003, Agreed Judgment Entry of Settlement. As memorialized in a Stipulated Judgment Entry filed on September 10, 2004, appellant stipulated to a finding of willful contempt. A hearing to determine whether appellant had purged itself of contempt was scheduled for November 5, 2004. The hearing was later rescheduled to February 4, 2005.
 {¶ 12} Pursuant to a Judgment Entry filed on February 11, 2005, the trial court found that although appellant had complied with many of the trial court's previous orders, appellant was still in contempt of court. The trial court, in its entry, stated, in relevant part, as follows:
 {¶ 13} "The Court further finds that the defendant has not removed machinery that is disabled on the property which constitutes salvage material. The Court orders that this item be removed within thirty (30) days from the property and that all other salvage items be removed from the property. Should the items not be removed, the Court will fine the defendant One Hundred Dollars ($100.00) per day pending further order of the Court. . . .
 {¶ 14} "The Court finds that the fence erected does not comply with the requirements of the Court Order. The fence that has been erected does not constitute a non-see-through fence. The defendant shall correct this situation within ninety (90) days of the date of this Order or be fined One Hundred Dollars ($100.00) per day for every day of violation thereafter pending further finding of the Court. . . ."
 {¶ 15} Appellant now raises the following assignment of error on appeal:
 {¶ 16} "THE TRIAL COURT ERRED IN FINDING APPELLANT HAD NOT COMPLIED WITH THE AGREED JUDGMENT ENTRY OF OCTOBER 14, 2003, WITH RESPECT TO PROVISIONS REGARDING THE ERECTION OF A FENCE AND THE REMOVAL OF CERTAIN MATERIALS."
 I {¶ 17} Appellant, in its sole assignment of error, argues that the trial court erred in finding that appellant had not complied with the October 14, 2003, Agreed Judgment Entry "with respect to provisions regarding the erection of a fence and the removal of certain materials." We agree in part and disagree in part.
 {¶ 18} Appellant, in the case sub judice, was found in civil contempt of court. "`Civil contempt' is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party." Mardenv. Marden (1996), 108 Ohio App.3d 568, 570, 671 N.E.2d 331. The purpose of civil contempt is to impose sanctions in order to coerce the individual to comply with a court order that was previously violated. ConTex, Inc. v. Consol. Technologies, Inc.
(1988), 40 Ohio App.3d 94, 96, 531 N.E.2d 1353. A trial court's finding of civil contempt must be supported by clear and convincing evidence. Moraine v. Steger Motors, Inc. (1996),111 Ohio App.3d 265, 268, 675 N.E.2d 1345. Clear and convincing evidence implies that the trier of fact must have a firm conviction or belief that the facts alleged are true. Id.
 {¶ 19} The applicable standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10, 417 N.E.2d 1249. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
 {¶ 20} Appellant, in its sole assignment of error, initially argues that the trial court erred in holding that appellant had failed to comply with the October 14, 2003, Agreed Judgment Entry with respect to the erection of a fence. We agree.
 {¶ 21} As is stated above, the Agreed Entry states, in relevant part, as follows:
 {¶ 22} "(h) On or before November 1, 2003, construct at the Property a fence structure with a height of not less than eight (8) feet or more than sixteen (16) feet, (`Fence Structure'), along that portion of the Property consisting of approximately four hundred feet (400') more or less depicted in the approximate area set forth upon Schedule 1 which is attached hereto and is made part hereof. Defendant will obtain from Plaintiffs (as applicable) any requisite permit(s) for the Fence Structure, and Plaintiffs (as applicable) shall issue the same. Defendant shall at all times maintain the Fence Structure in reasonable condition. The Fence Structure must be of uniform type, appearance and coloring and may be any one (1) of the following:
 {¶ 23} "(a) Chain link with non-see through slatting; and/or,
 {¶ 24} "(b) Corrugated metal or metal siding (consisting of new siding materials with uniform, neutral coloring." (Emphasis added).
 {¶ 25} At the February 4, 2005, hearing in this matter, appellant's counsel indicated to the trial court that appellant had constructed a chain link fence "and that the latting material that has been employed in that chain link fence clearly is nonsee-through." Transcript at 8. Photographs of the fence were admitted into evidence. At the hearing, appellee's counsel conceded that the slatting was "nonsee-through." Transcript at 20.
 {¶ 26} While appellee now argues, and the trial court agreed, that appellant violated the October 17, 2003, Agreed Judgment Entry because the parties' intention was that the fence itself be non-see through and because the fence that was erected does not constitute a non-see through fence, we disagree.
 {¶ 27} Generally, a trial court is required to presume that the intent of the parties to a contract resides in the language they chose to employ in the agreement. Shifrin v. Forest CityEnt., Inc. (1992), 64 Ohio St.3d 635, 638, 597 N.E.2d 499, citing Kelly v. Med. Life Ins. Co. (1987), 31 Ohio St.3d 130,509 N.E.2d 411, paragraph one of the syllabus; Aultman Hosp.Assn. v. Community Mut. Ins. Co. (1989), 46 Ohio St.3d 51,544 N.E.2d 920, syllabus. Only when the contract is unclear or ambiguous, or when the circumstances surrounding the agreement invest the language of the contract with a special meaning will extrinsic evidence be considered in an effort to give effect to the parties' intentions. Id., citing Kelly at 132. When the terms of a contract are unambiguous, courts will not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. Alexander v. BuckeyePipe Line Co. (1978), 53 Ohio St.2d 241, 246, 374 N.E.2d 146.
 {¶ 28} In the case sub judice, the settlement agreement clearly and unambiguously permitted appellant to erect a chain link fence with non-see through slatting. Appellant did so. There was no requirement in the Agreed Judgment Entry that the fence itself be non-see through. As noted by appellant in its brief, "[i]f Appellees truly wanted a non-see through fence they should have bargained for one in the agreement. Since the terms used are unambiguous, the court is not permitted to interpret them or bring in extrinsic evidence."
 {¶ 29} Based on the foregoing, we find that the trial court erred in holding that appellant violated the October 14, 2003, Agreed Judgment Entry with respect to the erection of the fence.
 {¶ 30} As is stated above, appellant also argues that the trial court erred in finding that appellant violated the Agreed Judgment Entry by failing to remove specified equipment from the subject property. The Mutual Settlement Agreement signed by the parties states that appellant, in relevant part, will do as follows:
 {¶ 31} "(i) As of April 15, 2004, commence storing any and all salvage materials for/from future projects off of the Property unless stored inside of any building at the Property; . . .
 {¶ 32} (iv) Prior to April 15, 2004, perform/complete the removal/relocation of items/materials situated at the Property on August 27, 2003, as provided within and memorialized by the Video."
 {¶ 33} The trial court, in its February 11, 2005, Judgment Entry, found that appellant had "not removed machinery that is disabled on the property which constitutes salvage material" and ordered `that this item be removed within thirty (30) days from the property and that all other salvage items be removed from the property." The trial court further fined appellant $100.00 per day should the items not be removed.
 {¶ 34} At issue is whether there was competent, credible evidence to support the trial court's finding that appellant violated the October 14, 2003, Agreed Judgment Entry by failing to remove machinery. At the hearing in this matter, four photos were submitted to the trial court showing several items of inoperable construction equipment on the subject property. We find that, based upon such photos, which were stipulated to by appellant's counsel, there was competent and credible evidence supporting the trial court's finding that appellant had not removed machinery off the property that was disabled and constituted salvage material.
 {¶ 35} Based on the foregoing, appellant's sole assignment of error is sustained in part and overruled in part.
 {¶ 36} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part.
Edwards, J., Boggins, P.J. and Hoffman, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs assessed 50% to appellant and 50% to appellee.