OPINION
{¶ 1} Appellant, Marilyn Morris, appeals from the judgment of the Ashtabula County Court of Common Pleas, filed November 29, 2004, finding her in contempt and sentencing her to thirty days imprisonment. We affirm.
 {¶ 2} This action arises from certain transactions between Ms. Morris and Appellee, John Poss, occurring in the early 1980's. First, Mr. Poss loaned Ms. Morris $17,500 to purchase 17.5 acres of land in Rock Creek, Ohio. Then, Mr. Poss spent almost $150,000 to construct a building on the land. Evidently for tax purposes, Ms. Morris leased the land back to Mr. Poss for a small sum, while Mr. Poss leased the building to Ms. Morris for an amount which was supposed to cover the costs of construction, with interest.
 {¶ 3} Ms. Morris did not make the payments required. Starting in 1984, Mr. Poss filed separate actions, one relating to the land, one to the building. The actions were eventually consolidated, and tried to the court in 1991. Mr. Poss obtained a judgment against Ms. Morris for approximately $150,000, by an entry dated November 20, 1992.
 {¶ 4} Mr. Poss was unable to collect his judgment. On July 13, 1993, the trial court issued a supplemental entry requiring Ms. Morris to pay within three days. A settlement agreement between the parties, dated July 19, 1993, was filed with the trial court, which incorporated the settlement in a judgment entry filed September 16, 1993. Substantially, the settlement required Ms. Morris to convey a 2.505 acre tract of land, containing the building, to Mr. Poss, along with an approximately 5.23 acre tract of land next to it, and to pay him rent during the short period she was to remain in the building.
 {¶ 5} At the time the settlement was reached, in the courthouse, Ms. Morris was represented by counsel, and accompanied by her son.
 {¶ 6} Ms. Morris immediately moved for relief from judgment. The trial court denied this, and she appealed. We affirmed the trial court. Poss v. Morris (June 30, 1995), 11th Dist No. 94-A-0029, 1995 Ohio App. LEXIS 2793.
 {¶ 7} Shortly after the settlement was entered as a judgment, Mr. Poss moved the trial court for a writ of restitution regarding the building, due to alleged failure by Ms. Morris to observe the terms of the settlement. After an evidentiary hearing, the trial court entered judgment for Mr. Poss, and ordered the sheriff to seize the building. Ms. Morris appealed. We affirmed. Poss v. Morris (Mar. 29, 1996), 11th Dist. No. 94-A0-042, 1996 Ohio App. Lexis 1210.
 {¶ 8} Mr. Poss obtained a judgment entry from the trial court, ordering the county recorder to transfer part of the land to him. Ms. Morris appealed, arguing that she had not been allowed to respond to the merits of the motion for conveyance. This time, we found merit in her argument and reversed and remanded. Poss v. Morris (Mar. 29, 1996), 11th Dist. No. 95-A-0052, 1996 Ohio App. LEXIS 1208.
 {¶ 9} On September 8, 1995, Ms. Morris filed for bankruptcy under Chapter 13, in the United States Bankruptcy Court for the Northern District of Ohio. Evidently, she listed the entire 17.5 acre tract in Rock Creek, including the 7.735 parcels in dispute, as property involved in the bankruptcy. In re Morris (C.A.6, 2001), 260 F.3d 654, 659. Ms. Morris obtained a lift of the automatic stay from the bankruptcy court to pursue her appeals with us. Id. She also filed an adversary proceeding in the bankruptcy court against Mr. Poss. Id. at 660. Mr. Poss then obtained a lift of the automatic stay so the trial court could issue a decision regarding the ownership of the lands in question. This the trial court did on April 16, 1997. Id. at 661.
 {¶ 10} Ms. Morris filed for summary judgment on the adversary proceeding in the bankruptcy court. That court granted it to her, due, in part, to the trial court's determination of April 16, 1997, that Ms. Morris retained legal title to the subject property. In re Morris at 662. On appeal to the United States District Court for the Northern District of Ohio, the grant of summary judgment to Ms. Morris was affirmed. Id. Mr. Poss then appealed to the United States Court of Appeals for the Sixth Circuit. That court reversed and remanded, determining that, under Ohio law, Ms. Morris had mere legal title to the subject lands, which she held in constructive trust for Mr. Poss. Id. at 665-669.
 {¶ 11} On remand, the bankruptcy court requested from the trial court a clarification of exactly what parts out of the 17.5 acre tract were subject of the constructive trust. The trial court entered judgment July 15, 2002, determining that the lands subject of the trust were those set forth in the 1993 settlement agreement and judgment entry. It further ordered Ms. Morris to cooperate in a survey of the property to effectuate its transfer to Mr. Poss.
 {¶ 12} Ms. Morris appealed. We affirmed. Poss v. Morris,
11th Dist. Nos. 2002-A-0069, 2002-A-0070, and 2002-A-0071, 2003-Ohio-2915.
 {¶ 13} On December 16, 2002, Mr. Poss moved the trial court to transfer the subject lands to him. Mr. Poss also moved to revive the 1993 judgment in this matter. At a hearing on April 30, 2003, Ms. Morris first revealed that she may not have had title to the 5.23 acre parcel at the time of the 1993 settlement. Evidently, she and/or her ex-husband had transferred title to their son in 1989, who transferred it in 1997 to a Mr. and Mrs. Cosmo Fish. After further briefing, the trial court granted Mr. Poss's motion to transfer by a judgment entry filed June 1, 2004, and further set a hearing date for the motion for revivor.
 {¶ 14} Ms. Morris refused to convey the lands. Mr. Poss filed a motion to show cause. August 6, 2004, Ms. Morris filed a motion to vacate the trial court's June 1, 2004 judgment ordering the transfer of the subject property, due to the fact that she had conveyed her remaining interest in the property on November 4, 2003, to Skyway Investment Corporation.
 {¶ 15} August 26, 2004, hearing was held on the motions to show cause and for revivor. At this time, Ms. Morris introduced into evidence the 1997 deed from her son to Mr. and Mrs. Fish for the 5.23 acre parcel of land.
 {¶ 16} September 22, 2004, the trial court entered judgment on the motions to show cause and for revivor. The trial court first determined that there was no need to revive its judgment of September 16, 1993, since it was not subject to dormancy under R.C. 2329.07. It then held Ms. Morris in contempt, and gave her thirty days to purge by securing transfer of the 2.505 parcel of land, with its building, to Mr. Poss.
 {¶ 17} Ms. Morris failed to comply with the purge order. October 22, 2004, she appealed the judgment finding her in contempt. Since the trial court had not yet imposed a penalty on her, we dismissed for lack of a final appealable order. Poss v.Morris, 11th Dist. No. 2004-A-0078, 2004-Ohio-7236, at ¶¶ 3-4.
 {¶ 18} The trial court held a hearing November 24, 2004. On November 29, 2004, it filed a judgment entry finding Ms. Morris in contempt, and sentencing her to thirty days in the Ashtabula County Jail. Ms. Morris timely noticed her appeal December 28, 2004, making ten assignments of error:
 {¶ 19} "[1.] The trial court erred in its judgment of September 22, 2004, by finding appellant in contempt for failure to convey property she did not own;
 {¶ 20} "[2.] The trial court erred to the prejudice of the appellant in that judgments of June 1, 2003, September 22, 2004, and November 29, 2004, operate to penalize her for the exercising of her legal rights;
 {¶ 21} "[3.] The trial court erred in the judgment of September 22, 2004, (T.D. 147) by adjudging appellant in contempt for failure to comply with the order of June 1, 2004 (T.D.) (sic);
 {¶ 22} "[4.] Enforcement of the agreement of September 19, 1993, was prejudicially erroneous as to appellant by reason of the same being a nullity from its inception and its journalization in the judgment of September 16, 1993, was a journalization of a nullity;
 {¶ 23} "[5.] The trial court erred by its determination that the judgment of September 16, 1993, was uncontrolled by R.C.2329.07, the dormancy statute;
 {¶ 24} "[6.] Marilyn Morris was denied due process of law in the contempt hearing of August 26, 2004, and judgment entered thereon in that tribunal was not impartial;
 {¶ 25} "[7.] The trial court abused its discretion by finding appellant in contempt in the judgment of September 22, 2004, for failure to comply with the June 1, 2004, Order (T.D. 125);
 {¶ 26} "[8.] The judgment of September 22, 2004 ordering appellant to convey a 2.505-acre tract to John R. Poss is contrary to law in that it contained no finding of ability to comply;
 {¶ 27} "[9.] The court erred to the prejudice of appellant in its judgment of November 29, 2004 (T.D.) (sic) by imposing an impossibly (sic) purge condition and a thirty-day jail sentence for contempt.
 {¶ 28} "[10.] The trial court abused its discretion by imposing an impossible purge condition and a jail sentence on Marilyn Morris for non-compliance in its judgment of November 29, 2004."
 {¶ 29} "`"Civil contempt" is defined as that which exists in failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party.' Marden v.Marden (1996), 108 Ohio App.3d 568, 570, * * *. The purpose of civil contempt is to impose sanctions in order to coerce the individual to comply with the court order that was previously violated. ConTex, Inc. v. Consol. Technologies, Inc. (1988),40 Ohio App.3d 94, 96, * * *. A trial court's finding of civil contempt must be supported by clear and convincing evidence.Moraine v. Steger Motors, Inc. (1996), 111 Ohio App.3d 265,268, * * *. Clear and convincing evidence implies that the trier of fact must have a firm conviction or belief that the facts alleged are true. Id." Knox v. Stanley Miller Constr., 5th Dist. No. 2005CA00073, 2006-Ohio-53, at ¶ 18.
 {¶ 30} "The applicable standard of review of a trial court's contempt finding is abuse of discretion. State ex rel. Ventronev. Birkel (1981), 65 Ohio St.2d 10, * * *. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219, * * *." Knox at ¶ 19.
 {¶ 31} By her first assignment of error, Ms. Morris attacks the trial court's finding of contempt by alleging her inability to comply with the order of June 1, 2004, requiring her to convey the 7.735 acres in question. It is well established that a party charged with contempt may defend by alleging and proving inability to comply with the relevant order. Pugh v. Pugh
(1984), 15 Ohio St.3d 136, 140. "Where, however, an alleged contemnor has voluntarily brought on himself disability to obey, he cannot avail himself of a plea of inability." Renz v. Renz
(Jan. 19, 1995), 4th Dist. No. 93 CA 1585, 1995 Ohio App. LEXIS 176, at 13.
 {¶ 32} In this case, Ms. Morris entered into a settlement with Mr. Poss, in 1993, which was then entered as a judgment, by which she represented that she could and would transfer the 5.23 and 2.505 parcels of land. At the time she did this, title to the 5.23 acre parcel was, evidently, already in her son, who was with her in court when the settlement was reached. The son conveyed title to Mr. and Mrs. Fish in 1997, while his mother continued to represent to various courts that she had title to this parcel. In November, 2003, she seemingly conveyed title to the rest of the land to Skyway Investment Corporation. It is absolutely clear that Ms. Morris has created her inability to comply with the trial court's contempt order. Her first assignment of error is without of merit.
 {¶ 33} By her second assignment of error, Ms. Morris alleges that the trial court's judgment of June 1, 2004, ordering her to convey the lands in question to Mr. Poss, and its judgments finding her in contempt, penalize her for exercising her legal rights. She objects to the trial court's characterization of her actions as constituting misrepresentation, or even fraud. She argues that it was within her right to file for bankruptcy under Chapter 13. She dismisses the Sixth Circuit's finding (made in 2001) that she held title to the lands in question in trust for Mr. Poss, since that court was ignorant of the fact that she did not hold title to the 5.23 acre parcel at that time. She implies that the Sixth Circuit's finding that she held the lands in trust is meaningless, since its subject matter jurisdiction terminated with the dismissal of the Chapter 13 proceedings in March 2003. She excuses her failure to comply with the survey of the lands ordered by the trial court, and affirmed by this court in Possv. Morris, 2003-Ohio-2915, by arguing that the fact that she had conveyed title was never brought to this court's attention.
 {¶ 34} The fact that Ms. Morris no longer held title to the lands was not brought to anyone's attention, apparently, until the spring of 2003 and the summer of 2004. It is absolutely clear that Ms. Morris represented to the bankruptcy court, the U.S. District Court, and the Sixth Circuit that she did have title to the lands. In re Morris, at 659, 662. She was the person who did not bring to our attention the disposal of the 5.23 acre parcel at the time of our 2003 decision. And the fact that the Sixth Circuit's jurisdiction has ended does not affect the validity of its finding that Ms. Morris merely held title to the subject lands in constructive trust for Mr. Poss. That trust arose by operation of Ohio law when the settlement was reached in 1993. Id. at 668.
 {¶ 35} A litigant's exercise of her legal rights does not include omitting to disclose legally significant facts, and inducing other litigants and the courts to rely on such omissions. The second assignment of error is utterly devoid of merit.
 {¶ 36} Under her third assignment of error, Ms. Morris, again argues that at the time of the trial court's June 1, 2004 judgment ordering her to transfer the lands to Mr. Poss, she no longer held them. She argues that no court order or decision prevented her from disposing of the lands in question as she saw fit, prior to June 1, 2004. She further argues that the June 1, 2004 order was a nullity when rendered, since it ordered her to transfer property no longer hers.
 {¶ 37} These arguments fail. In 1993, Ms. Morris voluntarily settled her disputes with Mr. Poss by undertaking to transfer the lands in question. At that time, a constructive trust in his favor arose by operation of law. In re Morris at 668. We do not reach the question of whether Ms. Morris could transfer title to someone other than Mr. Poss thereafter — but she knew she should not. Regarding the judgment of June 1, 2004, even if there were any error in the trial court ordering her at that time to do an act she could no longer perform, the fault is entirely her own. She did not completely inform the trial court of the alleged conveyances of title until August 2004. "Under the invited-error doctrine, a party is not permitted to take advantage of an error she herself invited or induced the court to make." Anderson v.Anderson, 147 Ohio App.3d 513, 2002-Ohio-1156, at ¶ 88. The invited error doctrine is fully applicable to this case. The third assignment of error is without merit.
 {¶ 38} By her fourth assignment of error, Ms. Morris asserts that the September 16, 1993 judgment entry of the trial court, incorporating her settlement with Mr. Poss, was a nullity, since the settlement agreement was a nullity. In support, she first seems to claim that since she and/or her ex-husband had transferred title of the 5.23 acre parcel to their son in 1989, the settlement agreement was impossible to perform, and non-binding on her. This is untrue. Impossibility is only a defense to the performance of a contract when performance becomes impossible without fault of the party seeking to avoid his obligation. Truetried Serv. Co. v. Hager (1997),118 Ohio App.3d 78, 87. The record in this case shows that Ms. Morris has actively sought to avoid her obligations and to make them "impossible" to perform.
 {¶ 39} In support of her fourth assignment of error, Ms. Morris also contends that the 1993 settlement was a nullity since there was no mutuality to the contract, and no consideration on Mr. Poss's part. This is nonsense. Mr. Poss exchanged his money judgment against Ms. Morris for the agreement to convey the lands.
 {¶ 40} Next, Ms. Morris contends that she was forced to sign the 1993 settlement under duress. This is nonsense. She was represented by counsel at the time: her counsel delivered the agreement to the trial court. The only "evidence" of duress is Ms. Morris's self-serving statement to Mr. Poss's counsel at the hearing of April 30, 2003, that he forced her to sign.
 {¶ 41} In sum, the fourth assignment of error is completely without merit.
 {¶ 42} By her fifth assignment of error, Ms. Morris argues that the judgment of September 16, 1993, is dormant, pursuant to R.C. 2329.07. This is untrue. "Authority dealing with R.C.2329.07 and real property addresses liens against the property for monetary judgments, not judgments concerning ownership rights." In re Estate of Dinsio, 159 Ohio App.3d 98,2004-Ohio-6036, at ¶ 54. The fifth assignment of error is without merit.
 {¶ 43} By her sixth assignment of error, Ms. Morris contends that she was denied due process, in that the trial court was not impartial. She supports this assignment of error by citing to the trial court's judgment of September 22, 2004, in which that court utilized the terms "duplicity" and "chicanery" to describe aspects of Ms. Morris's conduct in this litigation. It is absolutely true that a party may be deprived of due process if a tribunal is not impartial. 17 Ohio Jurisprudence 3d (2001) 104, Constitutional Law, Section 520. However, there is nothing in the trial court's conduct in this case which indicates a lack of impartiality. The terms used by the learned trial judge to describe Ms. Morris's conduct in this litigation do not indicate bias or prejudice implicating her due process rights. Rather, the record shows that the trial judge had observed her conduct for some thirteen years at the time of the contempt proceedings, and had drawn conclusions from those observations. The sixth assignment of error is without merit.
 {¶ 44} By her seventh assignment of error, Ms. Morris alleges that the trial court abused its discretion by finding her in contempt for failure to perform an impossible act, i.e., conveying property she no longer owned or controlled. Essentially, this assignment of error is a repeat of the first, and is subject to the same infirmity: inability to perform is no defense to contempt when it is self-created. Renz at 13. Consequently, the seventh assignment of error is without merit.
 {¶ 45} By her eighth assignment of error, Ms. Morris contends that the trial court erred by finding her in contempt without having found that she was capable of complying with the order defied. For authority she relies upon R.C. 2705.06 and case law interpreting its predecessor statute, G.C. 12143.
 {¶ 46} Her reliance is misplaced. R.C. 2705.06 provides, "[w]hen the contempt consists of the omission to do an act which the accused yet can perform, he may be imprisoned until he performs it." In this case, the trial court did not imprison Ms. Morris indefinitely, until conveyance of the property to Mr. Poss. It sentenced her to thirty days in jail, pursuant to R.C.2705.05(A)(1), for failure to comply with its prior order of June 1, 2004, requiring her to transfer the property. The provisions of R.C. 2705.06 are inapplicable herein. See, e.g., Rice v.Rogers (1989), 61 Ohio App.3d 151, 153.
 {¶ 47} In her brief, Ms. Morris also relies upon the case ofWilson v. Columbia Cas. Co. (1928), 118 Ohio St. 319. In that case, the Ohio Supreme Court stated: "[i]t is true that an order finding one guilty of contempt for failure to perform an act directed by the court is void as a basis for the imposition of punishment unless it appears therefrom that it is within the power of such person to perform the act." Id. at 328-329. The Court went on to note: "[i]f the defendant's liability arises from his own willful act, however, it is no excuse." Id. at 329.
 {¶ 48} In this case, Ms. Morris willfully created her inability to comply with the trial court's order. The eighth assignment of error is without merit.
 {¶ 49} Under her ninth assignment of error, Ms. Morris argues that she cannot be jailed for contempt in the absence of a prior court order or judgment finding her able to comply with the order defied. She cites to the decision of the Ninth District in UnionTrust Co. v. Monroe (1930), 34 Ohio App. 47. In that case, the court held, at the syllabus:
 {¶ 50} "[i]n the absence of a prior judgment or order of a court finding one able and ordering him to pay money, a presumption does not arise, in a proceeding in contempt for failure to pay, that he is able to pay the same; and that fact must be proved by competent evidence to justify an order, under Section 12143, General Code, committing him to jail until he does pay." Id.
 {¶ 51} The Union Trust case is obviously distinguishable from the case at bar. It arose under G.C. 12143 (predecessor to R.C. 2705.06). Ms. Morris was sentenced for contempt pursuant to R.C. 2705.05. Second, the Union Trust court held that a prior order finding a contemnor able to pay and ordering him to do so is prima facie proof of a continuing ability to pay. UnionTrust at 49-50. In this case, the June 1, 2004 order of the trial court requiring Ms. Morris to convey the land in question found her able to act, and ordered her to do so. It was only after the filing of this order that Ms. Morris revealed that she had already transferred the title. Finally, inability to perform is no defense to a contempt order requiring one to perform a specific act if the inability is voluntary. Wilson at 329.
 {¶ 52} The ninth assignment of error is without merit.
 {¶ 53} Under her tenth assignment of error, Ms. Morris argues that the trial court abused its discretion by imposing upon her an impossible purge condition, i.e., that she had to convey the 2.505 acre parcel, with its building, to Mr. Poss, even though she no longer owned them. Voluntary inability to perform is no defense to contempt. Wilson at 329; Renz at 13. The tenth assignment of error is without merit.
 {¶ 54} Each and every assignment of error being without merit, the judgment of the Ashtabula County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J.,
WILLIAM M. O'NEILL, J., concur.