[Cite as *Polete v. Polete*, 2019-Ohio-3004.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| CARRIE E. POLETE | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 28331 |
| | : | |
| v. | : | Trial Court Case No. 2016-DR-1127 |
| | : | |
| SEAN P. POLETE | : | (Domestic Relations Appeal) |
| | : | |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 26th day of July, 2019.

. . . . . . . . . .

JENNIFER L. BROGAN, Atty. Reg. No. 0075558 and JUSTINE Z. LARSEN, Atty. Reg. No. 0095525, 6 North Main Street, Suite 400, Dayton, Ohio 45402
        Attorneys for Plaintiff-Appellee

SEAN P. POLETE, 410 Rubicon Road, Oakwood, Ohio 45419
        Defendant-Appellant, Pro Se

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Sean Polete appeals pro se from a judgment finding him in contempt of court for failing to comply with a temporary order of spousal support as well as an order requiring him to submit to and pay for a vocational assessment. Mr. Polete contends that the trial court erred with regard to the amount of temporary child and spousal support it ordered him to pay while the parties' divorce was pending. He also contends that the trial court abused its discretion by finding him in contempt as he presented evidence of his inability to pay the temporary spousal support or to pay for the vocational assessment. For the reasons that follow, the judgment of the trial court is affirmed.

## I.    Facts and Procedural Background

{¶ 2} Sean and Carrie Polete were married in 1997. They have three children as a result of their union. Ms. Polete filed a complaint for divorce in December 2016. At that time, two of the children were minors. Ms. Polete was unemployed when she filed for divorce, but she became employed in May 2017 earning approximately $35,000 per year. In 2016, Mr. Polete was employed and earning $130,000. He also received yearly retirement benefits from the United States Navy in the sum of $52,404 and Veteran's Administration benefits of $24,876 per year. In December 2017, Mr. Polete's employment was reduced from full-time to approximately 10 to 13 hours per week.

{¶ 3} On May 2, 2017, the parties executed an agreed order which provided, in pertinent part, that Mr. Polete would pay temporary spousal support of "$1,000 per month on the 1st day of each month beginning May 1, 2017 to assist [Ms. Polete] in her

residential lease payment" pending a hearing by the trial court on the issue of temporary support. Dkt. No. 42. A full hearing was conducted on August 1, 2017, following which the magistrate increased the temporary spousal support order to $2,000 per month. The magistrate's order also required Mr. Polete to pay monthly child support of $578 per child. Mr. Polete filed objections, which were overruled by the trial court on June 5, 2018.

**{¶ 4}** On January 20, 2018, the trial court entered an order requiring Mr. Polete to submit to a vocational assessment. The order further required Mr. Polete to "fully cooperate in providing all records" requested by the individual performing the assessment and to pay for the cost of the assessment.

**{¶ 5}** In May 2018, Ms. Polete filed a motion to show cause seeking to hold Mr. Polete in contempt for failing to pay spousal support as agreed in the May 2017 agreed order and for failing to pay for and cooperate with the vocational assessment. A hearing was conducted on July 19, 2018. Following the hearing, the magistrate found Mr. Polete in contempt. Mr. Polete filed objections; the trial court overruled the objections and adopted the magistrate's decision, with minor modifications.

**{¶ 6}** Mr. Polete appeals.

## II. Temporary Spousal and Child Support Orders

**{¶ 7}** Mr. Polete's first and second assignments of error state as follows:

> THE TRIAL COURT ERRED IN ORDERING AN INAPPROPRIATE AND UNREASONABLE TEMPORARY SPOUSAL SUPPORT AWARD.

> THE TRIAL COURT ERRED IN CALCULATING TEMPORARY CHILD SUPPORT BY INAPPROPRIATELY USING THE

EXTRAPOLATION METHOD AND NOT APPLYING AN APPROPRIATE DOWNWARD DEVIATION IN LIGHT OF THE PARTIES' EQUAL SHARED PARENTING TIME SCHEDULE.

**{¶ 8}** Both of these assignments of error contest the November 2017 temporary order directing Mr. Polete to pay spousal and child support.   We begin by noting that Mr. Polete appealed from the judgment of contempt entered in 2018, not the 2017 order setting temporary support.   Further, we have no jurisdiction over the 2017 order as it was not final or appealable.   Article IV, Section 3(B)(2), of the Ohio Constitution limits an appellate court's jurisdiction to the review of final orders.   Unless a temporary support order is "reduced to a separate judgment or * * * considered by the trial court and specifically referred to within the decree[,]" it is an interlocutory order that merges with the final decree.   *Colom v. Colom*, 58 Ohio St.2d 245, 389 N.E.2d 856 (1979), syllabus. Otherwise, prior to the entry of a final decree, temporary spousal and child support orders are provisional in nature, subject to modification, and do not constitute final appealable orders.   *Kelm v. Kelm*, 93 Ohio App.3d 686, 689, 639 N.E.2d 842 (10th Dist.1994).

**{¶ 9}** In this case, the temporary support order had not been reduced to a separate judgment.   Further, this divorce action was not final at the time Mr. Polete filed his appeal. Accordingly, the validity of the temporary child and spousal support orders was not a proper subject for this court's review.   Therefore, we must overrule Mr. Polete's first and second assignments of error.

### III.    Contempt Finding

**{¶ 10}** The third assignment of error asserted by Mr. Polete states:

THE TRIAL COURT ERRED IN DETERMINING THAT APPELLANT FAILED TO ESTABLISH AN INABILITY TO PAY AND IN FINDING APPELLANT IN CONTEMPT AS A RESULT.

{¶ 11} Mr. Polete argues that the trial court erred as a matter of law in finding him in contempt because he was unable to comply with the temporary spousal support order or the order to get and pay for a vocational assessment.

{¶ 12} "Contempt of court is defined as disobedience of an order of a court. It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." *Windham Bank v. Tomaszczyk*, 27 Ohio St.2d 55, 271 N.E.2d 815 (1971), paragraph one of the syllabus. To support a contempt finding, the moving party must establish the existence of a valid court order, that the offending party had knowledge of the order, and that the offending party violated the order. *State v. Chavez-Juarez*, 185 Ohio App.3d 189, 2009-Ohio-6130, 932 N.E.2d 670, ¶ 42, citing *Arthur Young & Co. v. Kelly*, 68 Ohio App.3d 287, 295, 588 N.E.2d 233 (1990).

{¶ 13} However, contempt can only occur where the contemnor has the power to perform the act listed in the court order but fails to do so. *Wilson v. Columbia Cas. Co.*, 118 Ohio St. 319, 328-329, 160 N.E. 906 (1928). Thus, an inability to pay an order is a valid defense in a contempt proceeding. *DeMarco v. DeMarco*, 10th Dist. Franklin No. 09AP-405, 2010-Ohio-445, ¶ 25, citing *Courtney v. Courtney*, 16 Ohio App.3d 329, 334, 475 N.E.2d 1284 (1984). The party who failed to comply with the court order to pay support bears the burden of proving an inability to pay. *Id.*, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 140, 472 N.E.2d 1085 (1984).

{¶ 14} In this case there was no dispute regarding the existence of the May 2017 temporary spousal support order and the January 2018 vocational assessment order. There was also no dispute that Mr. Polete failed to comply with those orders, and Mr. Polete does not contest this fact on appeal. Rather, his sole contention under this assignment of error is that the trial court erred when it failed to find that he was unable to comply with the order. In support, he contends that his debts outweighed his income.

{¶ 15} There is evidence in the record that, during the pendency of this action, Mr. Polete had been able to make timely payments on all his debts, including mortgage payments on three separate houses. There is also evidence that one of those homes was vacant and that the parties had received credible offers for the sale of that property which would reduce the amount of debt. However, Mr. Polete admitted that he did not bother to respond to any offers for sale. Also, Mr. Polete's testimony indicated that he believed making payments on his debts was more important than paying his spousal support obligation, as his debt payments affect his credit rating.

{¶ 16} More importantly, the record shows that the agreed order to pay spousal support of $1,000 per month was entered on May 2, 2017; it provided that Mr. Polete would make the payments on the first of each month beginning May 1, 2017. In the contempt proceedings, Mr. Polete claimed that his reduction in work hours made payment of that support impossible. However, the record shows that his work hours were not reduced until December 2017 and that Mr. Polete only paid $207.02 to Ms. Polete during the eight months prior to the reduction in his work hours.

{¶ 17} With regard to the vocational assessment, Mr. Polete claimed that he could not pay for the assessment. However, he did not make any showing as to the cost of

the assessment or whether he could have made installment payments on the cost. Further, he provided no explanation for his failure to provide records necessary to the assessment.

{¶ 18} In reviewing a trial court's finding of contempt, an appellate court will not reverse such a finding absent an abuse of discretion. *Goddard-Ebersole v. Ebersole*, 2d Dist. Montgomery No. 23493, 2009-Ohio-6581, ¶ 13. An abuse of discretion is a term to describe a judgment that is a result of an unreasonable, unconscionable, or arbitrary attitude on the part of the trial court. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 19} Having reviewed the record, we conclude that the trial court did not abuse its discretion finding Mr. Polete in contempt. Accordingly, the third assignment of error is overruled.

## IV.    Conclusion

{¶ 20} All of Mr. Polete's assignments of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.


Copies sent to:

Jennifer L. Brogan
Justine Z. Larsen
Sean P. Polete
Hon. Denise L. Cross